JULIE A. DUNNE, Bar No. 160544
E-mail: jdunne@littler.com
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, California 92101-3577
Telephone: 619. 232.0441
Fax No.:   619. 232.4302

DOMINIC J. MESSIHA, Bar No. 204544
E-mail: dmessiha@littler.com
AMIR NAYEBDADASH, Bar No. 232204
E-mail: anayebdadash@littler.com
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067-3107
Telephone:  310.553.0308
Facsimile:  310.553.5583

Attorneys for Defendants
CEVA LOGISTICS U.S., INC., CEVA FREIGHT
MANAGEMENT INTERNATIONAL GROUP,
INC., CEVA FREIGHT, LLC, and EGL EAGLE
GLOBAL LOGISTICS, LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE R. SMITH, individually, and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>CEVA LOGISTICS U.S., INC.; a Delaware corporation; CEVA FREIGHT MANAGEMENT INTERNATIONAL GROUP, INC., a Delaware corporation; CEVA FREIGHT, LLC, a Delaware limited liability company; EGL EAGLE GLOBAL LOGISTICS, LP, a Delaware limited partnership; and DOES 1 through 200, inclusive,<br><br>        Defendants. | Case No. CV09-4957 CAS(RCx)<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[Class Action Fairness Act, 28 U.S.C. § 1332(d); Diversity of Citizenship, 28 U.S.C. § 1332(a)(2); 28 U.S.C. §§ 1441(b), and 1446(b)] |

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants CEVA LOGISTICS U.S., INC., CEVA FREIGHT MANAGEMENT INTERNATIONAL GROUP, INC., CEVA FREIGHT, LLC, and EGL EAGLE GLOBAL LOGISTICS, LP (collectively "Defendants"), contemporaneously with the filing of this Notice, hereby effect removal of the below referenced action from the Superior Court in the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

This removal is based on 28 U.S.C. sections 1332(d) (the Class Action Fairness Act), 1441(b), 1332(a)(2) (Diversity of Citizenship) and 1446(b) and, specifically, on the following grounds:

### STATEMENT OF JURISDICTION

#### Jurisdiction Under The Class Action Fairness Act

1. On February 18, 2005, the Class Action Fairness Act of 2005 ("CAFA") was enacted. In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446. As set forth below, this case meets all of CAFA's requirements for removal, and is timely and properly removed by the filing of this Notice.

2. This Court has jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: 1) the proposed class contains at least 100 members; 2) the primary defendants are not states, state officials or other governmental entities; 3) the total amount in controversy for all class members exceeds $5 million and; 4) there is diversity between at least one class

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

2.

1  member and one defendant.

2      3. CAFA's minimal diversity requirement is satisfied when at least one

3  plaintiff is a citizen of a state in which none of the defendants are citizens, when one

4  plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one

5  plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state.

6      4. Here, the proposed class contains at least 200 members, the total

7  amount in controversy exceeds $5,000,000.00, and there is diversity between at least

8  one class member and one defendant.

9  **Diversity of Citizenship Jurisdiction**

10      5. This Court also has original jurisdiction under 28 U.S.C. section

11  1332(a)(2), and this case may be removed pursuant to the provisions of 28 U.S.C.

12  section 1441(a), in that it is a civil action wherein the amount in controversy for the

13  named plaintiff exceeds the sum of seventy five thousand dollars ($75,000.00),

14  exclusive of interest and costs, and it is between "citizens of a State and citizens or

15  subjects of a foreign state."  As set forth below, this case also meets all of Section

16  1332's requirements for removal and is timely and properly removed by the filing of

17  this Notice.

18      6. Specifically, named Plaintiff Lonnie R. Smith is a resident and citizen

19  of California. (*See* Plaintiff's Complaint, ¶ 9 (Plaintiff resides in California).)

20      7. Defendants CEVA LOGISTICS, U.S., INC., CEVA FREIGHT

21  MANAGEMENT INTERNATIONAL GROUP, INC., CEVA FREIGHT, LLC, and

22  EGL EAGLE GLOBAL LOGISTICS, LP, are diverse from Plaintiff because they are

23  all organized under the laws of the State of Delaware with their principal places of

24  business in Houston, Texas, or Jacksonville, Florida.

25      8. The amount in controversy concerning Plaintiff's individual claim is

26  in excess of $75,000.00.

27      9. Venue is proper in this Court pursuant to 28 U.S.C. sections 84 (c)(2),

28  1391 and 1446.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

3.

## PLEADINGS, PROCESS AND ORDERS

10. On June 3, 2009, Plaintiff Lonnie R. Smith filed a Class Action Complaint in the Superior Court of the State of California for the County of Los Angeles entitled: *Lonnie R. Smith individually, and on behalf of others similarly situated, Plaintiff, vs. Ceva Logistics U.S., Inc., a Delaware corporation; Ceva Freight Management International Group, Inc., a Delaware corporation; Ceva Freight, LLC, a Delaware limited liability company; EGL Eagle Global Logistics, LP, a Delaware limited partnership; and Does 1 through 200, Defendants,* Case No. BC 415134 (*hereinafter* "the Complaint"). The Complaint alleged four causes of action for: (1) Failure To Pay Wages; (2) Failure To Provide Accurate Wage Statements; (3) Failure To Provide Meal And Rest Periods; and (4) Unfair Business Practices. A true and correct copy of the Complaint is attached to the Declaration of Amir Nayebdadash ("Nayebdadash Decl.") as Exhibit "A".

11. Defendants were first served with a copy of the Complaint on June 12, 2009. Copies of the Proofs of Service of Summons on file with the Court are attached to Nayebdadash Decl., as Exhibit "A".

12. This removal is timely because it is filed within thirty (30) days from the date any Defendant was first served with copies of the Summons and Complaint, and within one year from the commencement of this action. 28 U.S.C. §1446.

13. Federal law permits removal in diversity cases only if all defendants join in the petition. As the foregoing demonstrates, there are four Defendants to this action: CEVA Logistics U.S., Inc.; CEVA Freight Management International Group, Inc.; CEVA Freight, LLC; and EGL Eagle Global Logistics, LP. All named Defendants have been served. This Notice of Removal is brought on behalf of all Defendants.

14. Defendants Does 1 through 200 are fictitious. Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

4.

1  be disregarded for the purpose of determining diversity jurisdiction and cannot destroy

2  the diversity of citizenship between the parties in this action.  *Newcombe v. Adolf*

3  *Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

4

5  ## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

6         15.   Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C.

7  section 1332(d)(2), has been amended to read, in relevant part:

8         The district courts shall have original jurisdiction of any
       civil action in which the matter in controversy exceeds the

9         sum or value of $5,000,000, exclusive of interest and costs,
       and is a class action in which – (A) any member of a class of

10        plaintiffs is a citizen of a State different from any defendant.

11        16.   While there are limited exceptions to this new rule of original

12 jurisdiction contained in amended 28 U.S.C. section 1332(d)(3)-(5), none of them are

13 applicable here.

14        17.   This is a civil action over which this Court has original jurisdiction

15 under 28 U.S.C. section 1332(d), in that it is a civil action filed as a class action

16 wherein the matter in controversy exceeds the sum of $5,000,000.00, exclusive of

17 interest and costs, and at least one member (if not all) of the class of plaintiffs is a

18 citizen of a state different from at least one (if not all) defendant.

19        18.   This action has been brought on behalf of a class of more than 100

20 individuals. (Ex. A, Complaint, ¶¶ 14 – 22) ("Plaintiff is informed and believes, and

21 on that basis, alleges that during the relevant time period, hundreds of Freight

22 Forwarders have been employed by Defendants in the State of California. Because of

23 the large number of Freight Forwarders that have been employed by Defendants, the

24 members of the Class and Sub-Class are so numerous that joinder of all members is

25 impossible and/or impracticable.")

26        19.   Defendants are informed and believe that Plaintiff is, both at the

27 time of the filing of this action and currently, a resident and citizen of the State of

28 California. (Ex. A, Complaint, ¶ 9.)

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

5.

20. Plaintiff seeks to represent similarly situated employees of Defendants. (Ex. A, Complaint, ¶¶ 1, 14, and 16, 18.)

21. A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

22. An unincorporated association is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10).

23. A corporation or unincorporated association's principal place of business for diversity purposes is the state containing a substantial predominance of its corporate operations. *Davis v. HSBC Bank Nevada, NA*, 557 F.3d 1026 (2009). Where no state contains a substantial predominance of corporate operations, the principal place of business is determined by reference to where the majority of the executive and administrative functions are contained, known as its "nerve center." *Id.*, *Scot Typewriter Co. v. Underwood Corp.*, 170 F. Supp 862, 864 - 865 (S.D.N.Y. 1959) (corporation's principal place of business was New York, where its management was located, rather than Connecticut where most of its manufacturing was done); *see also Diaz-Rodriguez v. Pep Boys Corp.*, 410 F.3d 56, 60 (1st Cir. 2005) (nerve center test governs where corporation has "complex and far flung activities"); *Industrial Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (nerve center test used because appellants could not "point to any single state which should be more properly regarded as [its] principal place of business."); *Co-Efficient Energy Systems v. CSL Industries, Inc.*, 812 F.2d 556, 558 (9th Cir. 1987) ("Under the 'nerve center test'... a corporation's principal place of business is where its executive and administrative functions are performed.")

24. The "nerve center" test for determining a party's principal place of business looks to the place in which the corporation's executives and administrative functions are located. *Scot, supra*, 170 F. Supp at 864 – 865. (additional citations

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

noted above omitted).

25.   The relevant considerations under the "nerve center" test include the following:

       a.  where the directors and stockholders meet;

       b.  where the executives live and have their offices;

       c.  where the administrative and financial offices are located and the records kept;

       d.  where the corporate income tax return is filed;

       e.  where the "home office" is located; and

       f.  where day-to-day control of the business is exercised.

*See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964).

26.   Defendant CEVA Freight, LLC, at the time of the filing of the state court action, and remains today, organized under the laws of the State of Delaware, with its principal place of business in Houston, Texas. (Declaration of Cathy Kilgore ("Kilgore Decl."), ¶¶ 12-15.)

27.   Defendant CEVA Freight, LLC's, principal place of business is in the state of Texas because its executive, operational and administrative offices are located in Houston, Texas. *Breitman v. May Co California*, 37 F.3d 562, 564 (9th Cir. 1994); (Kilgore Decl., ¶¶ 13-14).   A substantial predominance of its corporate operations take place in Texas.

28.   Under the "nerve center" test, Defendant CEVA Freight, LLC has a majority of its executive and administrative functions in Houston, Texas.   *Id.* Defendant CEVA Freight, LLC, does not have a substantial predominance of its operations in California. *See Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001) (substantial predominance of business found in California, where company had significantly more, employees, manufacturing, retail locations and sales in California than in any other state).

29.   Defendant CEVA Freight, LLC's, administrative support functions

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles CA 90067 3107
310 553 0308

7.

1    important to CEVA Freight, LLC's, day-to-day operations, and the operations of its

2    subsidiaries, are conducted in its Houston, Texas location. (Kilgore Decl. ¶¶ 13-14.)

3    The Houston location is considered CEVA Freight LLC's, "home office". (*Id.*) A

4    majority of CEVA Freight, LLC's members live and work in Texas, are based in

5    Texas, and are responsible for developing strategy for CEVA Freight, LLC's,

6    nationwide operations. (*Id.*)

7            30.    CEVA Freight, LLC, therefore, is a citizen of the states of

8    Delaware and Texas for the purposes of determining diversity of citizenship.

9            31.    Accordingly, Plaintiff, who is a citizen of California, is a citizen of

10    a state different from at least one Defendant, CEVA Freight, LLC. *See* 28 U.S.C. §

11    1441(a). In addition, as outlined below for the purposes of diversity jurisdiction,

12    Plaintiff is also a citizen of a state different from each of the other Defendants; CEVA

13    Logistics U.S., Inc., CEVA Freight Management International Group, Inc., and EGL

14    Eagle Global Logistics, LP.

15            **Amount In Controversy Under The Class Action Fairness Act**

16            32.    CAFA, 28 U.S.C. section 1332(d), authorizes the removal of class

17    action cases in which, among other factors mentioned below, the amount in

18    controversy for all class members exceeds $5,000,000.00. Defendants deny the

19    validity and merit of all of Plaintiff's claims, the legal theories upon which they are

20    purportedly based, and the claims for monetary and other relief that flow from them.

21    However, assuming Plaintiff's claims to be accurate for purposes of this removal only,

22    it is readily apparent that the monetary relief sought in this action exceeds the

23    jurisdictional minimum.

24            33.    Plaintiff's Complaint seeks unpaid wages, restitution and penalties

25    on behalf of all "Freight Forwarders" within the four years prior to this action's filing

26    date through the date of this action's final disposition. (Ex. A, Complaint ¶¶ 1 & 3,

27    Prayer for Relief pgs. 12 – 13.) Plaintiff's claims are based upon the allegations that

28    Defendants: (1) failed to pay for hours worked including overtime; (2) did not provide

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

8.

1    accurate itemized statements reflecting total hours worked; and (3) failed to provide
2    meal and rest periods. (Ex. A, Complaint ¶ 4.)

3          34.   However, Plaintiff's Complaint is silent as to the total amount of
4    monetary relief claimed. The failure of the Complaint to specify the total amount of
5    monetary relief sought by Plaintiff, and the putative class, does not deprive this Court
6    of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D.W.Va.
7    1994) (defendant may remove suit to federal court notwithstanding the failure of
8    Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise,
9    "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar
10   claim upon its claim"). Defendants need only establish by a preponderance of
11   evidence that Plaintiff's claims exceeds the jurisdictional minimum. *Sanchez v.*
12   *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm*
13   *Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

14         35.   This matter meets the 100 proposed class members requirement
15   articulated in CAFA because, in his Complaint, Plaintiff alleges that the number of
16   Freight Forwarders compromising the putative class is in the "hundreds." (Ex. A,
17   Complaint ¶ 15.) For the purposes of this removal, Defendants utilize the most
18   conservative reading of this allegation and assume that the class consists of only two-
19   hundred (200) current and former employees.

20         36.   Plaintiff also asserts in his Complaint that he is typical of the class
21   he seeks to represent. (Ex. A, Complaint, ¶16.) Plaintiff was paid an hourly rate of
22   $21.64. (Kilgore Decl., ¶ 20.)

23         37.   Based on the four-year limitations period at issue in this case, there
24   are approximately at least 40,000 work weeks at issue during the class period. This is
25   based on at least 200 putative class members, each working 50 weeks per year for a
26   period of four (4) years, which is the applicable limitations period. Business &
27   Professions Code § 17204.

28         38.   Plaintiff contends in his Complaint that he and the members of the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

putative class were routinely required to work more than eight (8) hours each day and sometimes required to work "in excess of twelve hours per day." (Ex. A, Complaint, ¶ 24.) Assuming that each putative class member worked only one hour of overtime each workday of the class period, Plaintiff's claim for overtime pay is $6,492,000.00 (one hour of overtime for every work day (5) for 250 days/50 workweeks multiplied by 4 years, then multiplied by $32.46 (1.5 times the regular rate for overtime) in alleged wages owed equals $6,492,000.00.)

39.   Additionally, Plaintiff contends in his Complaint that the putative class members were regularly required to, and did, work through meal periods and rest periods and are entitled to one hour of regular pay per violation. (Ex. A, Complaint, ¶ 39). Assuming that all putative class members missed one meal period per day and were entitled to one hour of regular pay per violation during the four-year class period under Labor Code § 226.7, Plaintiff's claim for missed meal periods is $4,328,000.00 (one missed meal period for every work day (5) for 250 days/50 workweeks multiplied by the hourly rate, $21.64, for each missed meal period equals $4,328,000.00.)

40.   Plaintiff also alleges that the putative class members are entitled to damages and penalties for claimed violations of Labor Code § 226(a), which requires an employer to furnish accurate itemized wage statements to its employees. (Ex. A, Complaint, ¶¶ 33 – 36.) Labor Code § 226(e) provides as follows:

> "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an aware of costs and reasonable attorneys fees. Cal. Labor Code § 226(e).

41.   Per Plaintiff's Complaint, the putative class consists of at least 200 putative class members from June 3, 2005 to the present. (Ex. A, Complaint, ¶ 15.) A class member employed for the statutory period of four years would be eligible for the

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

10.

1   maximum penalty due to the number of pay periods within the statutory period,

2   assuming liability is demonstrated. Therefore, Plaintiff's claim for statutory penalties

3   under Labor Code § 226 alone is $800,000.00. (200 putative class members x

4   $4000.00 maximum penalty per employee = $800,000.00.)

5       42.   Plaintiff further contends that the putative class members are

6   entitled to waiting time penalties under Labor Code § 203, which provides that an

7   employee's wages shall continue as a penalty until paid or for a period up to thirty

8   days, whichever is shorter. (Ex. A, Complaint, ¶¶ 29 & 40.) Thus, alleged waiting

9   time penalties could add significantly to the amount in controversy.

10      43.   In addition, Plaintiff also seeks an award of attorneys' fees. (Ex. A,

11  Complaint, Prayer for Relief ¶ pgs. 12 – 13.) It is well-settled that in determining

12  whether a complaint meets the amount in controversy requirement, the Court should

13  consider attorneys' fees. *See, e.g., Bell v. Preferred Life*, 320 U.S. 238, 64 S.Ct. 5, 88

14  L.Ed. 15 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982)

15  (attorneys' fees may be taken into account to determine jurisdictional amounts).

16      44.   Removal of this action is therefore proper as the aggregate value of

17  Plaintiff's claims for statutory penalties, compensatory damages, and attorneys' fees is

18  well in excess of the $5,000,000.00 jurisdictional requirement.

19

20  **DIVERSITY OF CITIZENSHIP JURISDICTION UNDER SECTION 1332(a)**

21      45.   28 U.S.C. § 1332(a) provides as follows:

22      The district court shall have original jurisdiction of all civil
        actions where the matter in controversy exceeds the sum or
23      value of $75,000, exclusive of interest and costs, and is
        between – (2) citizens of a State and citizens or subjects of a
24      foreign state…

25      46.   This action is a civil action of which this Court has original

26  jurisdiction under 28 U.S.C. section 1332(a)(2) and one that may be removed to the

27  Court by Defendants pursuant to the provisions of 28 U.S.C. Sections 1441(a) and

28  1446, in that it is a civil action between citizens of two different states and the amount

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.

in controversy exceeds $75,000.00, exclusive of interest and costs, as demonstrated by the following:

47.   Defendants are informed and believe that Plaintiff is, both at the time of the filing of this action and currently, a resident and citizen of the State of California. (Ex. A, Complaint, ¶ 9.)

48.   Defendant CEVA Logistics U.S., Inc., was, at the time of the filing of the state court action, and remains today, incorporated in the State of Delaware, with its principal place of business in Jacksonville, Florida. (Kilgore Decl., ¶¶ 4-7.)

49.   Defendant CEVA Freight Management International Group, Inc., was, at the time of the filing of the state court action, and remains today, incorporated in the State of Delaware, with its principal place of business in Houston, Texas. (Kilgore Decl., ¶¶ 8-11.)

50.   Defendant CEVA Freight, LLC, was, at the time of the filing of the state court action, and remains today, organized under the laws of the State of Delaware, with its principal place of business in Houston, Texas. (Kilgore Decl., ¶¶ 12-15.)

51.   Defendant EGL Eagle Global Logistics, LP, was, at the time of the filing of the state court action, and remains today, organized under the laws of the State of Delaware, with its principal place of business in Houston, Texas. (Kilgore Decl., ¶¶ 16-18.)

52.   Applying the standards for determining a corporation or unincorporated association's principal place of business set forth above (see paragraphs 21 – 25), it is clear that the four named Defendants have principal places of business in Houston, Texas, or Jacksonville, Florida.

53.   As explained above (see paragraphs 26-29), Defendant CEVA Freight, LLC, is a citizen of the states of Delaware and Texas for the purposes of determining diversity of citizenship.

54.   Defendant CEVA Logistics U.S., Inc.'s, administrative support

12.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

functions important to CEVA Logistics U.S., Inc.'s, day-to-day operations, and the operations of its subsidiaries, are conducted in its Jacksonville, Florida location. (Kilgore Decl., ¶¶ 4-7.) The Jacksonville location is considered CEVA Logistics U.S., Inc.'s, "home office". (*Id.*) A majority of CEVA Logistics U.S., Inc.'s, officers and directors live and work in Florida, are based in Florida, and are responsible for developing strategy for CEVA Logistics U.S., Inc.'s, nationwide operations. (*Id.*) A substantial predominance of its corporate operations take place in Florida.

55.  Defendant CEVA Logistics U.S., Inc., therefore, is a citizen of the states of Delaware and Florida for the purposes of determining diversity of citizenship.

56.  Defendant CEVA Freight Management International Group, Inc.'s, administrative support functions important to CEVA Freight Management International Group, Inc.'s, day-to-day operations, and the operations of its subsidiaries, are conducted in its Houston, Texas location. (Kilgore Decl., ¶¶ 8-11.) The Houston location is considered CEVA Freight Management International Group, Inc.'s, "home office". (*Id.*) A majority of CEVA Freight Management International Group, Inc.'s, officers and directors live and work in Texas, are based in Texas, and are responsible for developing strategy for CEVA Freight Management International Group, Inc.'s, nationwide operations. (*Id.*) A substantial predominance of its corporate operations take place in Texas.

57.  Defendant CEVA Freight Management International Group, Inc., therefore, is a citizen of the states of Delaware and Texas for the purposes of determining diversity of citizenship.

58.  Defendant EGL Eagle Global Logistics, LP's, administrative support functions important to EGL Eagle Global Logistics, LP's, day-to-day operations, and the operations of its subsidiaries, are conducted in its Houston, Texas location. (Kilgore Decl., ¶¶ 16-19.) The Houston location is considered EGL Eagle Global Logistics, LP's, "home office". (*Id.*) A majority of EGL Eagle Global

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

13.

Logistics, LP's, officers and directors live and work in Texas, are based in Texas, and are responsible for developing strategy for EGL Eagle Global Logistics, LP's, nationwide operations. (*Id.*) A substantial predominance of its corporate operations take place in Texas.

59. Defendant EGL Eagle Global Logistics, LP, therefore, is a citizen of the states of Delaware and Texas for the purposes of determining diversity of citizenship.

60. Federal law permits removal in diversity cases only if all defendants join in the petition. As the foregoing demonstrates, there are four Defendants to this action: CEVA Logistics U.S., Inc.; CEVA Freight Management International Group, Inc.; CEVA Freight, LLC; and EGL Eagle Global Logistics, LP. All named Defendants have been served. This Notice of Removal is brought on behalf of all Defendants.

61. Defendants Does 1 through 200 are fictitious. Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

62. As demonstrated, Plaintiff and Defendants are diverse because they are citizens of different states. *See* 28 U.S.C. § 1332(a).

## Amount In Controversy Under Section 1332(a)

63. Plaintiff's Complaint seeks unpaid wages, restitution and penalties within the four years prior to this action's filing date through the date of this action's final disposition. (Ex. A, Complaint ¶¶ 1 & 3, Prayer for Relief pgs. 12 – 13.) Plaintiff's claims are based upon the allegations that Defendants: (1) failed to pay for hours worked including overtime; (2) did not provide accurate itemized statements reflecting total hours worked; and (3) failed to provide meal and rest periods. (Ex. A, Complaint ¶ 4.)

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

14.

64. However, Plaintiff's Complaint is silent as to the total amount of monetary relief claimed. The failure of the Complaint to specify the total amount of monetary relief sought personally by Plaintiff does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D.W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim"). Defendants need only establish by a preponderance of evidence that Plaintiff's claims exceeds the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.* 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

65. Based on the four-year limitations period at issue in this case, with regard to Plaintiff's individual claims, there are approximately 200 work weeks at issue during the statutory period for the named Plaintiff alone. This figure is based on Plaintiff working 50 weeks per year, for a period of four (4) years, which is the applicable limitations period. Business & Professions Code § 17204.

66. Plaintiff was paid an hourly rate of $21.64. (Kilgore Decl., ¶ 20.)

67. Plaintiff contends that he was routinely required to work more than eight (8) hours each day and sometimes required to work "in excess of twelve hours per day." (Ex. A, Complaint, ¶ 24.) Assuming Plaintiff worked only one hour of overtime each workday during the statutory period, Plaintiff's claim for overtime pay is $32,460.00 (one hour of overtime for every work day (5) for 250 days/50 workweeks multiplied by 4 years, then multiplied by $32.46 (1.5 times the regular rate for overtime) in alleged wages owed equals $32,460.00.)

68. Additionally, Plaintiff contends he was regularly required to, and did, work through meal periods and rest periods and is entitled to one hour of regular pay per violation. (Ex. A, Complaint, ¶ 39.) Assuming that Plaintiff missed one meal period per day and one rest period per day, and is entitled to one hour of regular pay

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

15.

per violation during the four-year statutory period, Plaintiff's personal claim for missed meal periods is $21,640.00 (one missed meal period and one missed rest period for every work day (5) for 250 days/50 workweeks for 4 years multiplied by the hourly rate, $21.64, for each missed meal period equals $43,280.00.)

69.   Plaintiff also alleges that he is entitled to damages and penalties for claimed violations of Labor Code § 226(a), which requires an employer to furnish accurate itemized wage statements to its employees. (Ex. A, Complaint, ¶¶ 33 – 36.) Labor Code § 226(e) provides as follows:

> "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an aware of costs and reasonable attorneys fees. Cal. Labor Code § 226(e).

70.   Per Plaintiff's Complaint, the statutory period is from June 3, 2005 to the present. (Ex. A, Complaint, ¶ 15.) Therefore, Plaintiff's personal claim for statutory penalties under Labor Code § 226 is $4000.00 (Plaintiff is provided the $4000.00 maximum penalty per employee).

71.   Plaintiff further contends that he is entitled to waiting time penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid or for a period up to thirty days, whichever is shorter. (Ex. A, Complaint, ¶¶ 29 & 40.)  At Plaintiff's hourly rate of $21.64 per hour, assuming just an eight-hour workday, Plaintiff's daily wages were $173.12, multiplied by 30 days = $5,193.60.  Thus, alleged waiting time penalties should be considered when determining the amount in controversy.[1]

72.   In addition, Plaintiff also seeks an award of attorneys' fees. (Ex. A, Complaint, Prayer for Relief ¶ pgs. 12 – 13.)  It is well-settled that in determining

---

[1]  Defendants do not admit that Plaintiff or any plaintiff would be entitled to waiting time penalties or that Plaintiff's method of calculation of such penalties is proper.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

1    whether a complaint meets the amount in controversy requirement, the Court should
2    consider attorneys' fees. *See, e.g., Bell v. Preferred Life*, 320 U.S. 238, 240;
3    *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees
4    may be taken into account to determine jurisdictional amounts); *Galt G/S v. JSS*
5    *Scandanavia*, 142 F. 3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees
6    included in determining the amount in controversy where potentially recoverable by
7    statute); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D.
8    Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be
9    recovered by a plaintiff if he were to prevail in determining whether amount in
10   controversy exceeds $75,000.00).

11        73.    Removal of this action is therefore proper as the aggregate value of
12   Plaintiff's claims for unpaid wages and statutory penalties, *exclusive* of attorneys'
13   fees, interests and costs, is $84,933.60, well in excess of the $75,000.00
14   jurisdictional requirement. *See* 28 U.S.C. § 1332(a).

15
16                              **NOTICE TO PLAINTIFF**

17        74.    Contemporaneously with the filing of this Notice of Removal in the
18   United States District Court for the Central District of California, written notice of
19   such filing will be given by the undersigned to Plaintiff's counsel of record (R. Duane
20   Westrup, Lawrence R. Cagney, & Patricia K. Oliver, Westrup Klick, LLP, and Linda
21   G. Krieger & Terrence B. Krieger, Krieger & Kreiger) and a copy of Notice of
22   Removal will be filed with the Clerk of the Court for the Superior Court of the County
23   of Los Angeles, California.

24        75.    WHEREFORE, having provided notice as required by law, the
25   above-entitled action should be removed from the Los Angeles County Superior
26   Court.

27
28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

17.

1    Dated:    July 10, 2009

2

3    _____

4    JULIE DUNNE
     DOMINIC J. MESSIHA
     AMIR NAYEBDADASH
5    LITTLER MENDELSON
     A Professional Corporation
6    Attorneys for Defendants
     CEVA LOGISTICS U.S., INC., CEVA
7    FREIGHT MANAGEMENT
     INTERNATIONAL GROUP, INC.,
8    CEVA FREIGHT, LLC, and EGL
     EAGLE GLOBAL LOGISTICS, LP
9

10   Firmwide:90862904.1 057554.1008

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

18.

# EXHIBIT A

39

| Attorney or Party without Attorney:<br>WESTRUP KLICK, LLP<br>444 WEST OCEAN BLVD.<br>SUITE 1614<br>LONG BEACH, CA 90802<br>Telephone No: 562 432-2551 | For Court Use Only<br><br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>JUN 22 2009<br><br>JOHN A. CLARKE, CLERK |
|---|---|

| Attorney for: Plaintiff | Ref. No. or File No.: |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
LOS ANGELES SUPERIOR COURT CENTRAL

Plaintiff: SMITH

Defendant: CEVA

| PROOF OF SERVICE<br>S&C | Hearing Date: | Time: | Dept/Div: | Case Number:<br>BC415134 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS AND COMPLAINT,; CIVIL CASE COVER SHEET, CIVIL CASE COVERSHEET ADDENDUM, NOTICE OF CASE ASSIGNMENT, ADR PACKAGE

3. a. Party served:          CEVA LOGISTICS U.S., INC; A DELAWARE CORPORATION
   b. Person served:        MARGARET WILSON- AUTHORIZED

4. Address where the party was served:          818 WEST 7TH ST
                                                LOS ANGELES, CA 90017

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jun. 12, 2009 (2) at: 2:41PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: CEVA LOGISTICS U.S., INC; A DELAWARE CORPORATION
   Under CCP 416.10 (corporation)

7. **Person Who Served Papers:**                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JEFFREY J. CORZINE                    d. **The Fee** for Service was:      $41.50
   b. **A & M ATTORNEY SERVICE, INC.**      e. I am: (3)  registered California process server
      P.O. BOX 7881                             (i)   Owner
      LONG BEACH,, CA 90807                     (ii)  Registration No.:      834-C
   c. 562 426-8306                              (iii) County:               Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*
   *Date:*

   Tue, Jun. 16, 2009

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| WESTRUP KLICK, LLP<br>444 WEST OCEAN BLVD.<br>SUITE 1614<br>LONG BEACH, CA 90802<br>Telephone No: 562 432-2551 | | | | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |
| | Ref. No. or File No.: | | | JUL 0 2 2009 |
| Attorney for: Plaintiff | | | | John A. _____, Executive Officer/Clerk |
| Insert name of Court, and Judicial District and Branch Court:<br>LOS ANGELES SUPERIOR COURT CENTRAL | | | | By _____<br>GLORIETTA ROBINSON ____, Deputy |
| Plaintiff: SMITH | | | | |
| Defendant: CEVA | | | | |

| PROOF OF SERVICE<br>S&C | Hearing Date: | Time: | Dept/Div:<br>39 | Case Number:<br>BC415134 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS AND COMPLAINT, CIVIL CASE COVER SHEET, CIVIL CASE COVERSHEET ADDENDUM, NOTICE OF CASE ASSIGNMENT, ADR PACKAGE

3. a. Party served:      CEVA LOGISTICS, U.S., INC
   b. Person served:     WENDY MAYORGA - AUTHORIZED

4. Address where the party was served:    CT CORPORATION
   818 WEST 7TH ST
   LOS ANGELES, CA 90017

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jun. 26, 2009 (2) at: 2:00PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  CEVA LOGISTICS, U.S., INC
   Under CCP 416.10 (corporation)

7. **Person Who Served Papers:**                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JEFFREY J. CORZINE                    d. **The Fee for Service was:**   $41.50
   **b. A & M ATTORNEY SERVICE, INC.**      e. I am: (3)  registered California process server
   P.O. BOX 7881                                  (i)   Owner
   LONG BEACH,, CA 90807                          (ii)  Registration No.:     834-C
   c. 562 426-8306                                (iii) County:               Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   Date:

   Wed, Jul. 01, 2009

Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007                    PROOF OF SERVICE<br>S&C                    (JEFFREY J. CORZINE)<br>wka.4612

**ORIGINAL**

39



| Attorney or Party without Attorney:<br>WESTRUP KLICK, LLP<br>444 WEST OCEAN BLVD.<br>SUITE 1614<br>LONG BEACH, CA 90802<br>Telephone No: 562 432-2551 | | For Court Use Only<br><br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>JUN 22 2009<br><br>JOHN A. CLARKE, CLERK |
|---|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>LOS ANGELES SUPERIOR COURT CENTRAL | | |
| Plaintiff: SMITH | | |
| Defendant: CEVA | | |

| **PROOF OF SERVICE**<br>**S&C** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>BC415134 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS AND COMPLAINT,; CIVIL CASE COVER SHEET, CIVIL CASE COVERSHEET ADDENDUM, NOTICE OF CASE ASSIGNMENT, ADR PACKAGE

3. a. *Party served:*                                CEVA FREIGHT MANAGEMENT INTERNATIONAL GROUP INC A
                                                                DELAWARE CORPORATION
   b. *Person served:*                              MARGARET WILSON - AUTHORIZED

4. *Address where the party was served:*      818 WEST 7TH ST
                                                                LOS ANGELES, CA 90017

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jun. 12, 2009 (2) at: 2:41PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: CEVA FREIGHT MANAGEMENT INTERNATIONAL GROUP INC A DELAWARE CORPORATION
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JEFFREY J. CORZINE                     d. *The Fee for Service was:*      $20.00
   **b. A & M ATTORNEY SERVICE, INC.**       e. I am: (3) registered California process server
       P.O. BOX 7881                                  (i) Owner
       LONG BEACH,, CA 90807                          (ii) Registration No.:       834-C
   c. 562 426-8306                                    (iii) County:                Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*
   *Date:*

   Tue, Jun. 16, 2009

Judicial Council Form POS-010                    PROOF OF SERVICE                    (JEFFREY J. CORZINE)
Rule 2.150.(a)&(b) Rev January 1, 2007                  S&C                                                          wka.3242

| Attorney or Party without Attorney:<br>WESTRUP KLICK, LLP<br>444 WEST OCEAN BLVD.<br>SUITE 1614<br>LONG BEACH, CA 90802<br>*Telephone No:* 562 432-2551 | For Court Use Only<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |
|---|---|
| *Attorney for:* Plaintiff | *Ref. No. or File No.:*      JUL 0 2 2009 |

*Insert name of Court, and Judicial District and Branch Court:*
LOS ANGELES SUPERIOR COURT CENTRAL

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
GLORIETTA ROBINSON

*Plaintiff:* SMITH
*Defendant:* CEVA

| **PROOF OF SERVICE<br>S&C** | *Hearing Date:* | *Time:* | *Dept/Div:*<br>30 | *Case Number:*<br>BC415134 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND COMPLAINT, CIVIL CASE COVER SHEET, CIVIL CASE COVER SHEET ADDENDUM, NOTICE OF CASE ASSIGNMENT, ADR PACKAGE

3.   *a. Party served:*                CEVA FREIGHT MANAGEMENT INTERNATIONAL GROUP, INC
    *b. Person served:*           WENDY MAYORGA - AUTHORIZED

4. *Address where the party was served:*      CT CORPORATION
                                         818 WEST 7TH ST
                                         LOS ANGELES, CA 90017

5. I served the party:
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jun. 26, 2009 (2) at: 2:00PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
    *on behalf of:* CEVA FREIGHT MANAGEMENT INTERNATIONAL GROUP, INC
    Under CCP 416.10 (corporation)

7. **Person Who Served Papers:**                     Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. JEFFREY J. CORZINE                d. *The Fee for Service was:*    $20.00
    **b. A & M ATTORNEY SERVICE, INC.**       e. I am: (3) registered California process server
        P.O. BOX 7881                                *(i)*   Owner
        LONG BEACH,, CA 90807             *(ii)*   *Registration No.:*     834-C
    c. 562 426-8306                                   *(iii)*   *County:*          Los Angeles

8. **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**
    **Date:**
    Wed, Jul. 01, 2009

Judicial Council Form POS-010                   PROOF OF SERVICE                    (JEFFREY J. CORZINE)
Rule 2.150.(a)&(b) Rev January 1, 2007         S&C                                         wka.4613

ORIGINAL

39

| Attorney or Party without Attorney:<br>WESTRUP KLICK, LLP<br>444 WEST OCEAN BLVD.<br>SUITE 1614<br>LONG BEACH, CA 90802<br>Telephone No: 562 432-2551 | For Court Use Only<br>FILED<br>LOS ANGELES SUPERIOR COURT<br><br>JUN 22 2009<br><br>JOHN A. CLARKE CLERK |
|---|---|

Ref. No. or File No.:

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:
LOS ANGELES SUPERIOR COURT CENTRAL

Plaintiff: SMITH

Defendant: CEVA

| PROOF OF SERVICE<br>S&C | Hearing Date: | Time: | Dept/Div: | Case Number:<br>BC415134 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS AND COMPLAINT,; CIVIL CASE COVER SHEET, CIVIL CASE COVERSHEET ADDENDUM, NOTICE OF CASE ASSIGNMENT, ADR PACKAGE

3. a. Party served:  CEVA FREIGHT, LLC A DELAWARE LIMITED LIABILITY COMPANY
   b. Person served:  MARGARET WILSON - AUTHORIZED

4. Address where the party was served:  818 WEST 7TH ST
   LOS ANGELES, CA 90017

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jun. 12, 2009 (2) at: 2:41PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  CEVA FREIGHT, LLC A DELAWARE LIMITED LIABILITY COMPANY
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:
   a. JEFFREY J. CORZINE
   b. A & M ATTORNEY SERVICE, INC.
   P.O. BOX 7881
   LONG BEACH,, CA 90807
   c. 562 426-8306

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. The Fee for Service was:  $20.00
   e. I am: (3) registered California process server
   (i) Owner
   (ii) Registration No.:  834-C
   (iii) County:  Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   Date:
   Tue, Jun. 16, 2009

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
S&C

(JEFFREY J. CORZINE)

wka.3243

| Attorney or Party without Attorney:<br>WESTRUP KLICK, LLP<br>444 WEST OCEAN BLVD.<br>SUITE 1614<br>LONG BEACH, CA  90802<br>Telephone No: 562 432-2551 | | | | For Court Use Only<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |
|---|---|---|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: | | | JUL 0 2 2009 |
| Insert name of Court, and Judicial District and Branch Court:<br>LOS ANGELES SUPERIOR COURT CENTRAL | | | | John A. ~~~~, Executive Officer/Clerk<br>By _____, Deputy<br>GLORIETTA ROBINSON |
| Plaintiff: SMITH | | | | |
| Defendant: CEVA | | | | |
| **PROOF OF SERVICE<br>S&C** | Hearing Date: | Time: | Dept/Div:<br>3G | Case Number:<br>BC415134 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS AND COMPLAINT, CIVIL CASE COVER SHEET, CIVIL CASE COVERSHEET ADDENDUM, NOTICE OF CASE ASSIGNMENT, ADR PACKAGE

3. a. Party served:      CEVA FREIGHT, LLC
   b. Person served:      WENDY MAYORGA - AUTHORIZED

4. Address where the party was served:      CT CORPORATION
                                         818 WEST 7TH ST
                                       LOS ANGELES, CA  90017

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jun. 26, 2009 (2) at: 2:00PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  CEVA FREIGHT, LLC
   Under CCP 416.10 (corporation)

7. **Person Who Served Papers:**                       Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JEFFREY J. CORZINE                    d.  **The Fee for Service was:**   $20.00
   b. **A & M ATTORNEY SERVICE, INC.**       e.  I am: (3) registered California process server
      P.O. BOX 7881                             (i)   Owner
      LONG BEACH,, CA  90807             (ii)  Registration No.:     834-C
   c. 562 426-8306                             (iii)  County:          Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   **Date:**

   Wed, Jul. 01, 2009

 CT Corporation

**Service of Process Transmittal**
06/15/2009
CT Log Number 515000984

|||||| ||||||| ||| |||| ||||| ||||| ||||| |||| ||||| ||||| ||||| |||| |||

TO:     John J Price, Staff Attorney
        CEVA Logistics U.S., Inc
        10751 Deerwood Park Blvd., Suite 200
        Jacksonville, FL 32256-4683

RE:     **Process Served in California**

FOR:    CEVA Logistics U.S., Inc. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Lonnie R. Smith individually, and on behalf of others similarly situated, Pltf. vs. Ceva Logistics U.S., Inc., etc., et al., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Cover Sheet, Cover Sheet Addendum, Notice(s), Attachment(s), Stipulation Form |
| COURT/AGENCY: | Los Angeles County, Superior Court, Hill Street, CA Case # BC415134 |
| NATURE OF ACTION: | Employee Litigation - Class Action - Failed to pay wages, maintain and provide accurate itemized statements, failed to provide meal and rest periods |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 06/12/2009 at 14:45 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service |
| ATTORNEY(S) / SENDER(S): | Lawrence R. Cagney
Westrup Klick, LLP
444 West Ocean Boulevard
Suite 1614
Long Beach, CA 90802-4524
562-432-2551 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 06/15/2009, Expected Purge Date: 06/20/2009
Image SOP
Email Notification, John J Price JohnJ.Price@us.cevalogistics.com
Email Notification, Audrey Fraser Audrey.fraser@us.cevalogistics.com |
| SIGNED:
PER:
ADDRESS:

TELEPHONE: | C T Corporation System
Nancy Flores
818 West Seventh Street
Los Angeles, CA 90017
213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CEVA LOGISTICS U.S., INC.; a Delaware corporation;
CEVA FREIGHT MANAGEMENT INTERNATIONAL GROUP, INC, a
Delaware corporation; CEVA FREIGHT, LLC, a Delaware
limited liability company; EGL EAGLE GLOBAL
LOGISTICS, LP, a Delaware limited partnership; and
DOES 1 through 200, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LONNIE R. SMITH individually, and on behalf of others
similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 3 - 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse
111 North Hill Street
Same
Los Angeles, California 90012
Central District

CASE NUMBER:
*(Número del Caso):*

BC 4 1 5 1 3 4

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrence R. Cagney (State Bar No. 141845     (562) 432-2551   (562) 435-4856
Westrup Klick, LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, CA 90802

DATE:                  JOHN A. CLARKE, Clerk, by           M. GARCIA               , Deputy
*(Fecha)*                                     *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CEVA Logistics U.S. Inc

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  R. Duane Westrup (State Bar No. 58610)
   Lawrence R. Cagney (State Bar No. 141845)
2  Patricia K. Oliver (State Bar No. State Bar No. 193423)
   WESTRUP KLICK, LLP
3  444 West Ocean Boulevard, Suite 1614
   Long Beach, California 90802-4524
4  Telephone: (562) 432-2551
   Facsimile:  (562) 435-4856
5
   Linda Guthmann Krieger (State Bar No. 148728)
6  Terrence B. Krieger (State Bar No. Bar No. 203818)
   KRIEGER & KRIEGER
7  A Law Corporation
   249 E. Ocean Boulevard, Suite 750
8  Long Beach, California 90802
   Telephone (562) 901-2500
9
   Attorneys for Plaintiff LONNIE R. SMITH
10  And Similarly Situated Persons

11
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
12
                       FOR THE COUNTY OF LOS ANGELES
13
                                                   BC 4 1 5 1 3 4
14  LONNIE R. SMITH individually, and on       )  Case No.:
    behalf of others similarly situated,       )
15                                             )
                                               )  **CLASS ACTION**
16                Plaintiff,                    )
                                               )  **COMPLAINT FOR UNPAID WAGES,**
17                                             )  **RESTITUTION, INJUNCTIVE RELIEF,**
           vs.                                 )  **PUNITIVE DAMAGES AND OTHER**
18                                             )  **RELIEF BASED ON:**
    CEVA LOGISTICS U.S., INC.; a Delaware      )
19  corporation; CEVA FREIGHT                   )  1.  Failure to Pay Wages in Violation of
    MANAGEMENT INTERNATIONAL                    )      California *Labor Code* §§ 201-204;
20  GROUP, INC, a Delaware corporation; CEVA   )      1194(a);
    FREIGHT, LLC, a Delaware limited liability )
21  company; EGL EAGLE GLOBAL                   )  2.  Failure to Maintain and Provide Accurate
    LOGISTICS, LP, a Delaware limited          )      Itemized Statements in Violation of
22  partnership; and DOES 1 through 200,       )      California *Labor Code* §226;
    inclusive,                                 )
23                                             )  3.  Failure to Provide Meal and Rest Periods
                                               )      in Violation of California *Labor Code*
24                Defendants.                   )      §226.7;
                                               )
25  ─────────────────────────────              )  4.  Violations of California *Business &*
                                                      *Professions Code* §17200, *et seq.*
26                                                 **DEMAND FOR JURY TRIAL**

27

28

                                        -1-

                                    COMPLAINT

## INTRODUCTION

1. This lawsuit is a class action brought by Plaintiff LONNIE R. SMITH ("Plaintiff") on behalf of himself and on behalf of a class comprised of all persons who are, or were, employed by Defendants EGL EAGLE GLOBAL LOGISTICS, LP ("EGL"), CEVA LOGISTICS U.S., INC.; CEVA FREIGHT MANAGEMENT INTER-NATIONAL GROUP, INC, and CEVA FREIGHT, LLC (collectively "Defendants") as "Freight Forwarders" in the State of California during the relevant time period described under each cause of action below.

2. Defendants are leading providers of supply chain and logistics services.

3. Plaintiff seeks relief including, but not limited to, unpaid wages, interest, and penalties based on California *Labor Code* §§ 201-204, 218.6, 226.7, and 1194. In addition, Plaintiff seeks punitive damages because Defendants acted wilfully and in conscious disregard of the rights of Plaintiff and members of the class by failing to provide them with meal and rest periods, in violation of California *Labor Code* §226.7. Plaintiff also seeks actual damages and penalties based upon Defendants' failure to maintain and provide each member of the class with an accurate itemized statement in writing which shows the total hours worked by each employee, pursuant to subsections (a) and (e) of the California *Labor Code* §226. Plaintiff further seeks restitution and injunctive relief pursuant to California *Business and Professions Code* §17200 *et seq.* ("UCL").

4. During the relevant time period, Defendants and Does 1 through 200 (collectively, "Defendants"), and each of them, acting in concert, agreed to institute a plan, and did institute a plan pursuant to which Defendants would and did act with malice, oppression, and/or in conscious disregard for the legal rights of Plaintiff and members of the classes by (1) failing to pay Plaintiff and members of the class for hours worked including overtime hours, (2) failing to maintain and provide Plaintiff and each member of the classes with accurate itemized statements reflecting the total hours worked, and (3) failing to provide meal and rest periods to Plaintiff and members of the classes.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the action pursuant to Code of Civil Procedure §410.10 and pursuant to California Constitution, Article XI, §10.

-2-

1      6.     Each of the Defendants has sufficient minimum contacts with the State of California or

2  otherwise intentionally avails itself of the laws and markets of the State of California so as to sustain

3  this Court's jurisdiction over the Defendants.

4      7.     Venue is proper in this county because Plaintiff resides here and the acts and events

5  alleged in connection with Plaintiff's claims occurred in this county.

6      8.     The amount in controversy exceeds the jurisdictional minimum of this court.

7

8                              **THE PARTIES**

9      9.     Plaintiff resides in Los Angeles County, State of California.. Plaintiff was employed

10  by Defendants CEVA INC.; CEVA FREIGHT, LLC; and their predecessor in interest, EGL EAGLE

11  GLOBAL LOGISTICS, LP ("EGL") as a freight forwarder in California from in or about June 2002

12  through November, 2008. Plaintiff is a member of the Class which is defined in paragraph 14

13  below.

14      10.    Defendant CEVA LOGISTICS U.S., INC. is a Delaware corporation engaged in

15  business in the State of California and at all times was, doing business throughout the State of

16  California and has facilities throughout California. Plaintiff is informed and believes that

17  Defendant CEVA FREIGHT, LLC, is a Delaware limited liability company engaged in business in

18  the State of California. Plaintiff is informed and believes that CEVA FREIGHT MANAGEMENT

19  INTER-NATIONAL GROUP, INC, is a Delaware corporation. Plaintiff is informed and believes

20  that EGL is a Delaware limited partnership doing business throughout the State of California.

21      11.    Plaintiff does not know the true names or capacities of defendants sued herein as

22  Does 1 through 200, inclusive, and will amend his complaint as soon as they are ascertained.

23      12.    Plaintiff is informed and believes and, on that basis alleges, that each of the

24  fictitiously named defendants was in some manner legally responsible for the unlawful actions,

25  unlawful policies, and unlawful practices, including the refusal to pay compensation owing, refusal

26  to maintain and provide accurate itemized statements of wages earned and hours worked, and

27  refusal to provide meal and rest periods, as required by the California laws complained of herein.

28  Plaintiff will amend his complaint to set forth the true names and capacities of said defendants,

1   along with the appropriate charging allegations when the same have been ascertained.

2       13.   On the basis of information and belief, it is alleged that each of the Defendants

3   herein was the agent of the others. Each of the Defendants was acting in the scope of its agency at

4   all relevant times. Each of the Defendants' acts complained of herein was authorized or ratified by

5   the other Defendants, including EGL or the duly authorized representatives or managing agents of

6   EGL, in the course and scope of the agency for the benefit of themselves, each other and the benefit

7   of EGL.

8                    **CLASS ACTION ALLEGATIONS – FREIGHT FORWARDER CLASSES**

9       14.   Plaintiff brings this action as a class action on behalf of the following defined Class

10  and Sub-Class:

11          "Class":    **All persons who have been employed or are currently employed**

12                      **by Defendants in California as Freight Forwarders during the**

13                      **time specified under the following causes of action.**

14          **"Sub-Class": All members of the Plaintiff Class whose employment with**

15                      **Defendants has terminated, during the time specified under the**

16                      **following causes of action.**

17      15.   Plaintiff is informed and believes, and on that basis, alleges that during the relevant

18  time period, hundreds of Freight Forwarders have been employed by Defendants in the State of

19  California. Because of the large number of Freight Forwarders that have been employed by

20  Defendants, the members of the Class and Sub-Class are so numerous that joinder of all members is

21  impossible and/or impracticable.

22      16.   Plaintiff's claims are typical of the members of the Class and Sub-Class. Plaintiff,

23  like other Freight Forwarders of the Class working for Defendants in California, was subjected to

24  Defendants' policy and practice of (a) refusing to pay all wages earned, including overtime

25  compensation, (b) Defendants' policy and practice of refusing to pay all wages earned on designated

26  regular paydays, (c) Defendants' policy and practice of refusing to maintain and provide accurate

27  itemized statements, and (d) Defendants' policy and practice of refusing to provide full and timely

28  meal and rest periods, in violation of California's wage and hour laws. Plaintiff's job duties and

-4-

1    claims were and are typical of those of other members of the Class and Sub-Class who worked for

2    Defendants as Freight Forwarders.

3        17.    A class action is superior to other available methods for the fair and efficient

4    adjudication of this controversy.

5        18.    Plaintiff will fairly and adequately protect the interests of the members of the Classes

6    and has retained counsel who are competent and experienced in both class action and employment

7    litigation.

8        19.    Common questions of law and fact exist as to all members of the Classes and

9    predominate over any questions solely affecting individual members of the Classes.  Among the

10   questions of law and fact common to the Classes are:

11           a)    Whether Defendants failed to pay wages owing (including unpaid overtime)

12                 to members of the Class in violation of California *Labor Code* §1194(a);

13           b)    Whether members of the Class are entitled to payment of interest for

14                 Defendants' nonpayment of wages, pursuant to California *Labor Code*

15                 §218.6;

16           c)    Whether Defendants violated California *Labor Code* §226 by failing to

17                 provide each member of the Class with accurate itemized statements in

18                 writing which show: (1) total hours worked, and (2) all applicable hourly

19                 rates in effect during the pay period and the corresponding number of hours

20                 worked at each hourly rate by the employee;

21           d)    Whether Defendants violated California *Labor Code* §226 by failing to

22                 maintain a copy of the above-statement, or a record of deductions, on file for

23                 a period of not less than three years at the Class members' place of

24                 employment or at a central location within the State of California;

25           e)    Whether Defendants violated California *Labor Code* §204 by failing to pay

26                 all wages owed to members of the Class on designated regular paydays;

27           f)    Whether Defendants violated *Labor Code* §226.7 by failing to provide meal

28                 and rest periods to members of the Class;

-5-

g) Whether members of the Class are entitled to recover one additional hour of pay for each work day that a meal or rest period was not provided, pursuant to *Labor Code* §226.7;

h) Whether Defendants acted with malice, oppression, and/or in conscious disregard for the legal rights of Plaintiff and members of the Class in violating *Labor Code* §226.7, and are liable for punitive damages based on such actions; and

i) Whether the members of the Class sustained damages and, if so, the proper measure of such damages.

20. Additional questions of law and fact common to the Sub-Class include:

a) Whether Defendants failed to promptly and timely pay compensation owing to members of the Sub-Class upon the termination of their employment, in violation of California *Labor Code* §§201 and 202;

b) Whether Defendants are liable to members of the Sub-Class for waiting time penalties pursuant to California *Labor Code* §203, based upon Defendants' willful retention of compensation owing to members of the Sub-Class upon the termination of their employment.

21. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

22. The names and addresses of the Class and Sub-Class are available from Defendants. Notice will be provided to the Class and Sub-Class via first class mail and/or by the use of techniques and a form of notice similar to those customarily used in class actions.

### FIRST CAUSE OF ACTION

**[FAILURE TO PAY OVERTIME COMPENSATION
IN VIOLATION OF *CALIFORNIA LABOR CODE* § 1194(a)
ON BEHALF OF PLAINTIFF, THE
CLASS, AND SUB-CLASS AGAINST ALL DEFENDANTS]**

23. Plaintiff re-alleges and incorporates herein by reference each and every allegation

-6-

1  contained in Paragraphs 1 through 22 herein.

2      24.    Plaintiff alleges, based on information and belief, that Defendants employ Freight

3  Forwarders throughout the State of California.  During the relevant time period, Plaintiff and

4  members of the Class would routinely work in excess of eight hours per day and/or 40 hours per

5  week without receiving all required overtime compensation by virtue of Defendants; failure to pay

6  members of the Class for time spent working for Defendants in excess of twelve hours in one day as

7  a consequence of Defendants' policy of prohibiting Plaintiff and Class members from remaining

8  "on the clock" in excess of twelve hours per day.

9      25.    The laws of the State of California require an employer, such as Defendant, to pay

10  overtime compensation to all non-exempt employees.  Plaintiff and members of the Class are not

11  exempt from overtime pay requirements under California law.

12      26.    Members of the Class are not exempt from the right to receive overtime pay under

13  California law and are not exempt from the requirement that their employer pay them overtime

14  compensation under California law.  Members of the Class do not presently and have not at any

15  time during the relevant time period qualified under any exemption from the requirement that their

16  employer pay overtime compensation under California law.  Members of the Class are entitled to be

17  paid overtime compensation for all overtime hours worked.

18      27.    Beginning three years prior to the filing of this lawsuit, Defendants failed and

19  refused and continue to fail and refuse to pay members of the Class overtime compensation owed to

20  the members of the Class for all overtime hours worked as required by California wage and hour

21  laws.

22      28.    As a result of the actions of Defendants in failing and refusing to pay overtime

23  compensation, Plaintiff and members of the Class were damaged by not receiving overtime

24  compensation which they should have received, but did not receive.  Plaintiff and members of the

25  Class are entitled to compensation for unpaid overtime, together with interest.

26      29.    Further, members of the Sub-Class are entitled to penalties under California *Labor*

27  *Code* §203.  California *Labor Code* §201 requires an employer who discharges an employee to pay

28  compensation due and owing to said employee immediately upon discharge.  California *Labor Code*

-7-

1   §202 requires an employer to promptly pay compensation due and owing to an employee within 72

2   hours of that employee's termination of employment by resignation.  California *Labor Code* §203

3   provides that if an employer willfully fails to pay compensation promptly upon discharge or

4   resignation in a prompt and timely manner as required by California *Labor Code* §§201 and 202,

5   said employer is liable to said employee for waiting time penalties as described herein.

6       30.   Defendants have willfully failed and refused, and continue to willfully fail and

7   refuse, to promptly and timely pay compensation owed to members of the Sub-Class whose

8   employment terminated as required under California *Labor Code* §§201-202.  As a result,

9   Defendants are liable to members of the Sub-Class for waiting time penalties under California

10  *Labor Code* §203, in an amount to be ascertained at trial, together with interest.

11      31.   In addition, Plaintiff and members of the Class are entitled to receive an award of

12  reasonable attorneys' fees and costs pursuant to California *Labor Code* §§ 218.5, 1194, and

13  California *Code of Civil Procedure* §1021.5.

14

15  <center>**SECOND CAUSE OF ACTION**</center>

16  <center>**[FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN**
17  **VIOLATION OF CALIFORNIA *LABOR CODE* §226**
    **ON BEHALF OF PLAINTIFF CLASSES, AGAINST ALL DEFENDANTS]**</center>

18      32.   Plaintiff hereby incorporates by reference Paragraphs 1 through 31 above as though

19  fully set forth herein.

20      33.   California *Labor Code* §226(a) requires that every employer, semimonthly or at the

21  time of each payment of wages, provide to each employee either as a detachable part of the check,

22  draft, or voucher paying the employee's wages, or separately when wages are paid by personal

23  check or cash, an accurate itemized statement in writing which shows: (1) each employee's gross

24  wages earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable

25  piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6)

26  the inclusive dates for which the employee is paid, (7) the name of the employee and his or her

27  social security number, (8) the name and address of the legal entity that is the employer, and (9) all

28  applicable hourly rates in effect during the pay period and the corresponding number of hours

<center>-8-</center>

1    worked at each hourly rate by the employee.

2        34.    California *Labor Code* §226(a) further requires that the employer maintain a copy of

3    the above statement or a record of all deductions on file for a period of not less than three years at

4    the place of employment, or at a central location within the State of California.

5        35.    Beginning one year prior to the filing of this lawsuit, Defendants knowingly and

6    intentionally failed to provide an accurate itemized statements to each member of the Plaintiff Class

7    and, further, failed to maintain a copy of said statements or records of deductions on file at

8    Defendants' place of employment or other central location in California and, therefore, violated

9    California *Labor Code* §226.

10       36.    Plaintiff and members of the Plaintiff Class are each entitled to recover the greater of

11   actual damages or fifty dollars ($50) for the initial pay period in which a violation of subsection (a)

12   of the California *Labor Code* §226 occurs, and one hundred dollars ($100) for each member of the

13   Plaintiff Class and for each violation in a subsequent pay period, not exceeding an aggregate penalty

14   of four thousand dollars ($4,000) for each member of the Plaintiff Class, and are further entitled to

15   an award of reasonable attorneys' fees and costs pursuant to California *Labor Code* §226(e) and

16   California *Code of Civil Procedure* § 1021.5.

17

18                **THIRD CAUSE OF ACTION**

19   **[FAILURE TO PROVIDE MEAL AND REST PERIODS**
     **IN VIOLATION OF CALIFORNIA *LABOR CODE* §226.7**
20   **ON BEHALF OF THE PLAINTIFF CLASSES, AGAINST ALL DEFENDANTS)**

21       37.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

22   contained in Paragraphs 1 through 36 herein.

23       38.    Beginning three years prior to the filing of this lawsuit, Plaintiff and members of the

24   Plaintiff Classes were not always provided meal and rest periods by Defendants as mandated by

25   *Labor Code* §226.7.

26       39.    Defendants knew or should have known that Plaintiff and members of the Plaintiff

27   Classes were not being provided with their earned meal and rest periods as required by law.  For

28   instance, the time cards completed by Plaintiff and members of the Class reflected that Plaintiff and

-9-

1    members of the Class routinely worked shifts in excess of ten hours without taking second meal

2    breaks. Additionally, Plaintiff and members of the Class were routinely prevented by their

3    workloads and work-related interruptions from taking ten minute rest breaks and thirty minute meal

4    breaks free from duty. Accordingly, Plaintiff and each member of the Plaintiff Classes are entitled

5    to one additional hour of pay for each work day that a meal or rest period was not provided during

6    the relevant time period.

7          40.    In addition, members of the Sub-Class are entitled to penalties under California

8    *Labor Code* §203. California *Labor Code* §201 requires an employer who discharges an employee

9    to pay compensation due and owing to said employee immediately upon discharge. California

10   *Labor Code* §202 requires an employer to promptly pay compensation due and owing to an

11   employee within 72 hours of that employee's termination of employment by resignation. California

12   *Labor Code* §203 provides that if an employer willfully fails to pay compensation promptly upon

13   discharge or resignation in a prompt and timely manner as required by California *Labor Code* §§201

14   and 202, said employer is liable to said employee for waiting time penalties as described herein.

15         41.    Further, Plaintiff and members of the Plaintiff Class are entitled to punitive damages

16   since Defendants wilfully acted with malice, oppression, and/or in conscious disregard for their

17   legal rights by failing to provide them with full meal and rest periods as required by California law.

18   Such conduct is in violation of California law and is contrary to public policy regarding the

19   provision of meal and rest periods.

20         42.    In sum, Plaintiff and members of the Plaintiff Classes are owed (a) one additional

21   hour of pay for each work day that a meal period was not provided during the relevant time period,

22   pursuant to *Labor Code* §226.7; (b) one additional hour of pay for each work day that a rest break

23   was not provided during the relevant time period, pursuant to *Labor Code* §226.7; (c) punitive

24   damages based on Defendants' wilful and conscious disregard of the legal rights of Plaintiff and

25   members of the Plaintiff Class to take full meal and rest periods; (d) an award of reasonable

26   attorneys' fees and costs pursuant to California *Code of Civil Procedure* § 1021.5; and (e) interest.

27   Members of the Subclass are further entitled waiting time penalties under *Labor Code* §226.7.

28

## FOURTH CAUSE OF ACTION

### [UNLAWFUL AND UNFAIR BUSINESS PRACTICE IN VIOLATION OF THE UCL ON BEHALF OF THE PLAINTIFF CLASSES AND AGAINST ALL DEFENDANTS]

43.     Plaintiff re-allege and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 42 herein.

44.     Beginning four years prior to the filing of this lawsuit, Defendants' conduct, as set forth above, violates the UCL in the following respects:

        a)     Defendants' policies and practices of (1) failing to timely pay overtime compensation earned to members of the Plaintiff Class, (2) Defendants' policy and practice of failing to maintain and provide accurate itemized statements, and (3) Defendants' policies and practices of failing to provide full meal and rest periods, constitute unlawful business practices by definition and, thus, violate the UCL; and

        b)     Defendants' policies and practices of (1) failing to timely pay overtime compensation to members of the Plaintiff Class, and (2) Defendants' policy and practice of failing to maintain and provide accurate itemized constitute unfair business practices because Defendants' practices are unethical, unscrupulous, and substantially injurious to consumers. The harm to Plaintiff, all others similarly situated, and to members of the general public, outweighs the utility, if any, of Defendants' policy and practice.

45.     The unlawful and unfair business practices by Defendants, as described above, present a continuing threat to the public in that Plaintiff and members of the Plaintiff Class throughout California have suffered and continue to suffer monetary loss as a result of Defendants' unlawful and unfair acts or practices. In addition, Defendants have been unjustly enriched as a result of its conduct. Plaintiff, other members of the general public, and members of the Plaintiff Class have no other adequate remedy of law in that absent equitable relief from the Court, Defendants are likely to continue to injure  members of the Plaintiff Classes, reap unjust

-11-

1   enrichment, and harm the public interest, thus engendering a multiplicity of judicial proceedings.

2       46.    All members of the Plaintiff Class can be identified by reference to records in the

3   possession of Defendants.  All members of the Plaintiff Class are entitled to restitution of monies

4   due to them during the relevant time period as a result of said Defendants' unlawful and unfair

5   conduct, and to injunctive relief.

6       47.    If Plaintiff succeeds in enforcing these rights affecting the public interest,

7   then attorneys' fees may be awarded to Plaintiff and against Defendants because:

8           a)    A significant benefit has been conferred on the general public; and

9           b)    The necessity and financial burden of enforcement are such to make the

10               award appropriate.

11

12  ## PRAYER FOR RELIEF

13      WHEREFORE, Plaintiff, on his own behalf and on behalf of the Plaintiff Classes and Sub-

14  Class, prays for relief and judgment as follows:

15  First Cause of Action

16      (a)    For unpaid wages, including overtime, together with interest;

17      (b)    For waiting time penalties pursuant to *Labor Code* §203;

18      (c)    For reasonable attorneys' fees pursuant to *California Labor Code* §§218.5, 1194(a),

19          and *Code of Civil Procedure* §1021.5.

20  Second Cause of Action

21      (d)    For penalties pursuant to *California Labor Code* § 226(e).

22      (e)    For reasonable attorneys' fees pursuant to California *Code of Civil Procedure*

23          §1021.5;

24  Third Cause of Action

25      (f)    For one additional hour of pay for each work day that a meal period was not

26          provided, pursuant to *Labor Code* §226.7;

27      (g)    For one additional hour of pay for each work day that a rest period was not provided,

28          pursuant to *Labor Code* §226.7;

(h)     For punitive damages;

(i)     For waiting time penalties pursuant to *Labor Code* §203;

(j)     For reasonable attorneys' fees pursuant to *California Labor Code* §218.5 and *Code of Civil Procedure* §1021.5; and

(k)     For interest.

Fourth Cause of Action

(l)     For restitution and injunctive relief; and

(m)     For reasonable attorneys' fees pursuant to *Code of Civil Procedure* §1021.5.

For All Causes of Action

(n)     For an order declaring this action to be a class action and certifying the Plaintiff Class and Sub-Class as alleged and prayed for herein;

(o)     For costs and expenses of suit incurred herein; and

(p)     For such other and further relief as this Court deems just and proper.

Dated: June 2, 2009                          WESTRUP KLICK, LLP

By:_____
LAWRENCE R. CAGNEY Attorneys for
Plaintiff LONNIE R. SMITH And
Similarly Situated Persons

-13-

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Lawrence R. Cagney (State Bar No. 141845)<br>Westrup Klick, LLP<br>444 West Ocean Boulevard, Suite 1614<br>Long Beach, CA 90802<br><br>TELEPHONE NO.: (562) 432-2551  FAX NO.: (562) 435-4856<br>ATTORNEY FOR *(Name)*: Plaintiff LONNIE R. SMITH | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JUN 3 - 2009<br><br>John A. Clarke, Executive Officer/Clerk<br>BY MARY GARCIA, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: LONNIE R. SMITH V. CEVA LOGISTICS U.S., INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 4 1 5 1 3 4 |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify)*: Four

5. This case [X] is [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 2, 2009

Lawrence R. Cagney (State Bar No. 141845)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                     CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
  Property Damage/Wrongful Death)
  Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
  Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

| SHORT TITLE: LONNIE R. SMITH v. CEVA LOGISTICS U.S., INC. | CASE NUMBER | BC 4 1 5 1 3 4 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  [ X ] YES  CLASS ACTION?  [ X ] YES  LIMITED CASE?  [ ] YES  TIME ESTIMATED FOR TRIAL 10  [ ] HOURS/ [ X ] DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:**  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:**  Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:**  In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:**  Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: LONNIE R. SMITH v. CEVA LOGISTICS U.S., INC. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation  Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer - Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: LONNIE R. SMITH v. CEVA LOGISTICS U.S., INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate<br>(02) | ☐  A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐  A6150  Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐  A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment<br>(20) | ☐  A6141  Sister State Judgment | 2., 9. |
| | | ☐  A6160  Abstract of Judgment | 2., 6. |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐  A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐  A6121  Civil Harassment | 2., 3., 9. |
| | | ☐  A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐  A6190  Election Contest | 2. |
| | | ☐  A6110  Petition for Change of Name | 2., 7. |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐  A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE: LONNIE R. SMITH v. CEVA LOGISTICS U.S., INC. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| [X]1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 4539 West 142nd Street |

| CITY: Hawthorne | STATE: CA | ZIP CODE: 90250 | |
|---|---|---|---|

**Item IV. Declaration of Assignment:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ _____ courthouse in the _Central_ _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: _June 2, 2009_ _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 4 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Mary Thornton House | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Carl J. West* | 311 | CCW |
| Hon. Ann I. Jones | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions

All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/09)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**



*from the*
### LOS ANGELES SUPERIOR COURT
## ADR DEPARTMENT

If you have a general jurisdiction case involving one of these subject matter areas:

- commercial
- employment
- medical malpractice
- legal malpractice

- real estate
- trade secrets
- unfair competition
- at judges' discretion

### *Your case may be eligible for the court's pilot Neutral Evaluation (NE) program.*

- **NE can reduce litigation time and costs and promote settlement.**

- NE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

- **NE is voluntary and confidential.**

- The benefits of NE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

- **The first three (3) hours of the NE session are free of charge.**

For additional NE information, visit the Court's web site at www.lasuperiorcourt.org/adr

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Pay Panel or may hire someone privately, at their discretion. If the parties utilize the Pro Bono Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Pay Panel** The Party Pay Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Pro Bono Panel** The Pro Bono Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral** The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

## Asian-Pacific American Dispute Resolution Center
## (213) 250-8190
(Spanish & Asian languages capability)

## California Academy of Mediation Professionals
## (818) 377-7250

## Center for Conflict Resolution
## (818) 380-1840

## Inland Valleys Justice Center
## (909) 397-5780
(Spanish language capability)

## Office of the Los Angeles City Attorney Dispute Resolution Program
## (213) 485-8324
(Spanish language capability)

## Los Angeles County Bar Association Dispute Resolution Services
## toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

## Los Angeles County Department of Consumer Affairs
## (213) 974-0825
(Spanish language capability)

## The Loyola Law School Center for Conflict Resolution
## (213) 736-1145
(Spanish language capability)

## Martin Luther King Legacy Association Dispute Resolution Center
## (323) 290-4132
(Spanish language capability)

## City of Norwalk
## (562) 929-5603

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

**THIS IS A TWO-SIDED DOCUMENT.**

### What is the goal of mediation?

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

### Do I need an attorney for this?

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

### How long does it take?

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not... |
|---|---|
| ◆ Have productive discussions<br>◆ Avoid or break impasses<br>◆ Defuse controversy<br>◆ Generate options that have potential for mutual gain<br>◆ Better understand each other's concerns and goals<br>◆ Focus on their interests rather than their positions | ◆ Provide advice or opinions<br>◆ Offer legal information<br>◆ Make decisions for parties<br>◆ Represent or advocate for either side<br>◆ Judge or evaluate anyone or anything<br>◆ Conduct research<br>◆ "Take Sides" |
| **What does it cost?**<br><br>The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals. | **Legal Advice/Information**<br><br>If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.<br><br>Self-Help Legal Access Centers are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org<br><br>Court Personnel can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org |
| **What is the difference between the contractors listed and the Superior Court ADR Office?**<br><br>The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case. | Low-income individuals may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings. |

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
**(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)**

## THIS IS A TWO-SIDED DOCUMENT.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| | | |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

| Short Title | Case Number |
|---|---|
| | |

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney·

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV09- 4957 CAS  (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Lonnie R. Smith

**DEFENDANTS**
Ceva Logisitcs U.S., Inc., a Delaware corporation; Ceva Freight Management International Group, Inc., a Delaware corporation; Ceva Freight, LLC, a Delaware limited liability company, EGL Eagle Global Logistics, LP, a Delaware limited partnership

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

R. Duane Westrup/Lawrence Cagney    Linda Guthmann Krieger
Patricia K. Oliver    Terrence B. Krieger
Westrup & Klick    Krieger & Krieger
444 W. Ocean Blvd., #1614    249 E. Ocean Blvd., #750
Long Beach, CA 90802    Long Beach, CA 90802
T: 562.432.2551/F: 562.435.4856    T:562.901.2500 /F:562.901.2522

Attorneys (If Known)
Julie Dunne/Dominic Messiha/Amir Nayebdadash
Littler Mendelson
2049 Century Park East, Suite 500
Los Angeles, CA 90067
T: (310) 553-0308 / F: (310) 553-5583

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC §§1332(a)(2) & (d), 1441(b), 1446(b)

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV09-4957

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff: County of Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant: Ceva Freight, LLC, Principal place of business is Texas, Place of incorporation, Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date July 10, 2009

AMIR NAYEBDADASH

---

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com