UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| Lawrence Cagney | | Dominic Messiha | |
| Terrence Krieger | | Amir Nayebdadash | |

**Proceedings:** **PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION** (filed 03/25/11)

**DEFENDANTS' MOTION TO STRIKE THE TESTIMONY AND OPINIONS OF DR. PHILIP GORMAN UNDER FEDERAL RULE OF EVIDENCE 702** (filed 06/08/11)

## I.  INTRODUCTION & BACKGROUND

Plaintiff Lonnie R. Smith, on behalf of a class of "freight forwarders," filed the instant suit in Los Angeles County Superior Court against defendants Ceva Logistics U.S., Inc. ("Ceva Logistics"); Ceva Freight Management International Group, Inc. ("Ceva Freight Management"); Ceva Freight, LLC ("Ceva Freight"); EGL Eagle Global Logistics LP ("EGL"), and Does 1 through 200 (collectively, "defendants"), alleging claims for: (1) failure to pay overtime compensation in violation of California Labor Code § 1194(a); (2) failure to provide accurate itemized statements of wages in violation of California Labor Code § 226; (3) failure to provide meal and rest periods in violation of California Labor Code § 226.7; and (4) unlawful and unfair business practice in violation of Cal. Bus. & Prof. Code § 17200 ("UCL"). The gravamen of plaintiff's complaint is that defendants improperly denied him, and a putative class of "freight forwarders," pay for all of the hours they worked for defendants, including overtime compensation and wages for missed meal periods.

Plaintiff moved for certification of a class of current and former freight forwarder employees in May 2010. On September 27, 2010, the Court entered an order denying plaintiff's motion for class certification without prejudice. See Dkt. 31 ("Class Order").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

In the Class Order, the Court concluded that the action met the prerequisites under Rule 23(a) of the Federal Rules of Civil Procedure. See Class Order at 7–17. Specifically, the Court found that: (a) the proposed class is ascertainable; (b) the proposed class is sufficiently numerous; (c) plaintiff identified common questions of fact and law; (d) plaintiff's claims are typical of the claims of the proposed class; and (e) plaintiff and his counsel will adequately represent the proposed class. In analyzing the Rule 23(b)(3) requirements, the Court found that, using defendants' records, policies, and representative testimony, plaintiff can attempt to prove that every potential class member was subjected to the same time-pressured work environment. Id. at 20. The Court was not convinced, however, that plaintiff established a plausible class-wide method of proving damages. Id. Accordingly, the Court denied plaintiff's motion for class certification without prejudice. Id. at 21. The Court ordered defendants to produce electronic timekeeping records and other electronic business records for putative class members to assist plaintiff in preparing a renewed motion for class certification. Id.

In December 2010 and January 2011, defendants produced data consisting of electronic transaction records and timekeeping records. See Declaration of Lawrence R. Cagney (Cagney Decl.) ¶¶ 11–14; Reply Declaration of Lawrence R. Cagney (Cagney Reply Decl.) ¶¶ 4–7.

On March 25, 2011, plaintiff filed a renewed motion for class certification. In April 2011, after plaintiff had filed his renewed class certification motion, defendants notified plaintiff that "some information concerning certain employees may have been inadvertently omitted from parts of the production." Cagney Reply Decl. ¶ 10, Exh. 8. On May 6, 2011, defendants produced the remaining responsive data, which consisted of approximately 200,000 timekeeping entries (28% of the timekeeping data within defendants' possession). Cagney Reply Decl. ¶¶ 15–16. On May 20, 2011, defendants filed an opposition to plaintiff's motion. On June 8, 2011, defendants filed a motion to strike the testimony and opinions of Dr. Philip Gorman under Federal Rule of Evidence 702. On June 20, 2011, plaintiff filed a consolidated reply in support of his renewed motion for class certification and opposition to defendants' motion to strike the testimony and opinions of Dr. Gorman. On June 27, 2011, defendants filed a reply in support of their motion to strike. On July 8, 2011, plaintiff filed a surreply to defendants' motion to strike. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

## II.   RENEWED MOTION FOR CLASS CERTIFICATION

In support of his renewed motion for class certification, plaintiff relies on electronic timekeeping and transaction data produced by defendants during discovery, and the declarations of Dr. Gorman, a trained statistician. Plaintiff argues that Dr. Gorman's analysis demonstrates a methodology for establishing a class-wide method of proving damages for both his missed meal periods claim and his off-the-clock work claim. The Court addresses each claim in turn.

### A.   Missed Meal Periods Claim

As discussed in some detail in the Class Order, defendants utilize an electronic employee timekeeping database entitled "Kronos." See Class Order at 20. Through Kronos, defendants maintain records of employee names and the times they clock in and out for work, for payroll purposes. See, e.g., Cagney Decl., Exh. 4 (Moore Depo.) at 11:16–23, 51:7–14; Cagney Decl., Exh. 3 (Gussman Depo.) at 19:22–20:2). In discovery, defendants produced to plaintiff timekeeping data from Kronos in the form of a Microsoft excel spreadsheet containing 702,085 entries. Supplemental Declaration of Dr. Philip Gorman (Gorman Supp. Decl.) ¶ 7.[1]

Using information from the Kronos database, Dr. Gorman sorted the data to only include "non-exempt" employees with shifts in excess of six hours. See Gorman Supp. Decl. ¶ 9. Of these "non-exempt" shifts in excess of six hours, Dr. Gorman concluded that: (1) 70.8% showed a meal break of at least thirty minutes, (2) 78.1% showed a meal break of at least twenty seven minutes, (3) 36.0% showed a meal break of at least thirty minutes commencing before the beginning of the fifth hour of work, and (4) 39.6%

---

[1] Defendants originally produced a Kronos database including approximately 500,000 records. See Declaration of Dr. Philip Gorman (Gorman Decl.) ¶ 6. Defendants later supplemented the production with additional Kronos records. Dr. Gorman combined the two Kronos data sets, and created a single database containing 702,085 entries. Gorman Supp. Decl. ¶¶ 5, 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

showed a meal break of at least twenty seven minutes commencing before the beginning of the fifth hour of work. See Gorman Supp. Decl. ¶ 9, Table 1.[2]

Plaintiff argues that Dr. Gorman's findings demonstrate a method of identifying meal period violations on a class-wide basis, and class-wide damages can be extrapolated using defendants' pay records. Mot. at 8; Gorman Supp. Decl. ¶ 11. Plaintiff asserts that California Labor Code § 226.7(b) establishes the measure of damages for defendants' failure to provide meal periods in compliance with the applicable Wage Orders of the California Industrial Welfare Commission.[3] Mot. at 9. Plaintiff maintains that calculating damages for non-compliant meal periods simply requires multiplying the number of violations by the potential class members' regular rates of pay. Id.

The Court is convinced that plaintiff has established a class-wide method of proving damages for at least some portion of his meal break claim.[4] Dr. Gorman's

---

[2] These findings are similar to Dr. Gorman's revised findings in his earlier report where he sampled 100 randomly selected shifts. See Surreply Declaration of Lawrence R. Cagney, Exh. 2 (Revised Table 1); see also Gorman Decl. ¶ 12, Table 1.

[3] Section 226.7(b) provides:

> If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Labor Code § 226.7(b).

[4] The Court is unclear whether plaintiff still intends to include in the class employees who clocked out, but performed work during the meal period. See Class Order at 20 ("Plaintiff also states that potential class members include employees who punched out and punched back in during meal periods."); see also Surreply at 2 n.2 (noting that plaintiff does not "concede that Kronos accurately reflects the hours worked in those instances where an employee clocked out and continued to work, or clocked out for her meal period, but ate at her work station while continuing to process

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

analysis demonstrates that, using defendants' Kronos timekeeping database, it is possible to determine on a class-wide basis whether putative class members took meal periods, and for how long.  Thus, the Court is satisfied that plaintiff has carried his burden of demonstrating a viable class-wide method of proof for employees who did not clock out for complaint meal periods.

Defendants' challenges to plaintiff's method for proving damages for his meal break claim are largely unavailing.  First, defendants contend that Dr. Gorman formulated no opinion regarding whether he could translate the findings of his analysis into actual meal period damages.  Opp'n at 17 (citing Declaration of Dominic Messiha (Messiha Decl.), Exh. A (Gorman Depo.) at 75:6–20, 105:3–8).  As an initial matter, the Court notes that Dr. Gorman opines that, "[a]ssuming pay records are available, the data set . . . would allow analysis of potential classwide damages."  Gorman Supp. Decl. ¶ 11.  Read in context, nothing in Dr. Gorman's deposition testimony contradicts that opinion.  Furthermore, to the extent defendants argue that Dr. Gorman should not be permitted to calculate classwide damages by using statistical sampling, the Court disagrees.  "California and Federal courts have not discouraged the use of statistical sampling in determining class member damages."  Dilts v. Penske Logistics, LLC, 267 F.R.D. 625, 638 (S.D. Cal. 2010) (collecting cases).

Defendants further argue that if the Court adopts the view that an employer's duty is only to make meal periods available, Dr. Gorman's analysis does not identify actual violations of the law.  Id. at 18 (citing Brinker Rest. Corp. v. Superior Court, 165 Cal. App. 4th 25, 56 (2008), rev. granted, 85 Cal. Rptr. 3d 688, 196 P.3d 216 (Cal. Oct. 22, 2008)).  Assuming their only obligation is to make meal periods available, defendants argue that Dr. Gorman's analysis only identifies occasions when violations of the Labor Code *may* have occurred.  Id. at 18, 22.  Thus, according to defendants, in order to determine actual damages, plaintiff will need to prove that on each occasion that an

---

transactions.").  Plaintiff proposes proving damages for this subset of putative class members by comparing employees' time-stamped records from defendants' transaction database to timekeeping records from the Kronos database.  See, e.g., Gorman Decl., Table 6.  For the reasons discussed in the analysis of the off-the-clock claim, the Court finds that plaintiff has not demonstrated a classwide method of proof for this group of putative employees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

employee's time records do not reflect a compliant meal period, it was because the employee was required to work through the meal period. Id. at 19.[5]

Defendants' argument puts the cart before the horse. As discussed in the Class Order, the law in California is unsettled on whether employers need only "provide" meal breaks to their employees, or whether employers have an "affirmative obligation" to ensure that workers are actually relieved from duty. Class Order at 19 (citing Jaimez v. DAIOHS USA, Inc., 181 Cal. App. 4th 1286, 1303 (2010)). The California Supreme Court is currently reviewing that issue in Brinker. Furthermore, even if the California Supreme Court rules in Brinker that employers need only make meal periods available, the Kronos data may be utilized to establish meal break violations where an employee works a shift in excess of twelve hours without recording a meal period. See Cal. Labor Code § 512 ("An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.").

For the reasons set forth herein and in the Class Order, the Court finds that the requirements of Rule 23(a) and (b)(3) are satisfied. Accordingly, the Court GRANTS plaintiff's renewed motion for class certification with respect to his meal break claim. The Court excludes from the class any employee who clocked out for a meal period, but claims to have performed work during the meal period.

---

[5]In support of argument, defendants submit the declarations of employees who testify that if they missed a meal period, or took a truncated or late meal period, they did so voluntarily. See Declarations of Oscar Avendano ¶¶ 12–13; Maryester Balo ¶¶ 13–16; Eric Casillas ¶ 11; Wendy Ceballos ¶ 12; Stephen Hart ¶ 10; Jacquelyn Lowden ¶ 11, Eduardo Mora (First) ¶¶ 8–9; Ashley Pilot ¶ 11; Vanessa Ruiz ¶ 9; Catherine T. Strohm ¶ 10; Mildred Trowbridge (First) ¶¶ 8–9; Ernie Villaverde ¶ 10; Javier Yepez ¶ 12; Ignacio Zuniga ¶ 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

### B. Off-the-Clock Work Claim

In the Class Order, the Court stated that it was unconvinced that comparing potential class members' timekeeping records with other time-stamped business records is a plausible class-wide method for proving overtime damages. See Class Order at 20. Plaintiff argues that the data produced by defendants validates his contention that comparing transaction time-stamps to Kronos timekeeping records enables the identification and quantification of damages for off-the-clock work performed by potential class members. Mot. at 9.

Defendants utilize multiple database applications to track the transactions that their employees complete. See Mot. at 10 (discussing "Worldport," "CLASS," and "Fastrack" systems). According to plaintiff, these transaction databases electronically stamp the time when defendants' employees complete transactions. Id.

By comparing the transaction time-stamp records to employee time records for the corresponding date in Kronos, Dr. Gorman identified two examples where measurable off-the-clock work may have occurred.[6] See Gorman Decl. ¶ 17, Tables 5 and 6. For example, the Kronos timekeeping data for Phath Chhath shows Chhath clocking in for work on December 8, 2006, and clocking out at 1:30 a.m. on December 9, 2006. Gorman Decl., Table 5. The transaction data, however, reflect that Chhath completed multiple transactions on December 9, 2006 and December 10, 2006 after clocking out. Id. The Kronos database does not show Chhath punching back in for work until December 11, 2006.[7] Id.

---

[6] Dr. Gorman also performed a separate analysis where he created a random sample of 100 employee workdays in the transaction data and compared them to the corresponding Kronos timekeeping records. See Gorman Decl. ¶ 12h–i, Table 2. Dr. Gorman found that within this sample, "four people showed a transaction while 'off-the-clock,'" but found that the results "did not amount to much time off the clock." Gorman Decl., Table 2. The Court finds that this analysis is insufficient to establish a classwide method of proving damages for plaintiff's off-the-clock claim.

[7] Defendants argue that this example is flawed because Table 5 to Dr. Gorman's declaration suggests that Dr. Gorman compared Chhath's transaction data from 2009 to the his time records from 2006. Opp'n at 10–11. Dr. Gorman testified, however, that the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

Similarly, the Kronos timekeeping data for Fidelio Adriano shows him clocking out for a meal break at 1:13 a.m. and clocking back in at 1:49 a.m. on January 28, 2009. Gorman Decl., Table 6. When Adriano's timekeeping record is matched with the corresponding transaction records, the transaction data show Adriano performing multiple transactions while he was clocked out for his meal break. Id.

Although these are the only two concrete examples of off-the-clock work provided in his declaration, Dr. Gorman opines that his methodology for demonstrating off-the-clock work "can be applied on a classwide basis." Gorman Decl., ¶ 19.

However, one of the two examples of off-the-clock work provided in Dr. Gorman's report is contradicted by the declaration of Fidelio Adriano. In his declaration, Adriano states that he has never performed off-the-clock work. See Declaration of Fedelio Adriano ¶¶ 20–22. Adriano acknowledges that some of the transaction records suggest that someone with his user identification entered transactions during hours when he was not punched in on the Kronos database. Id. ¶ 21. He states, however, that to the best of his recollection, he "do[es] not believe that [he] entered them."[8] Id. ¶ 22.

The Court finds that the Adriano Declaration demonstrates that assessing liability and damages for plaintiff's off-the-clock claim requires individualized inquiries. Plaintiff has come forward with only two examples of putative class members performing

---

reference to records from 2009 in Table 5 "was simply a typographical error" and that the transactions cited in the Table are actually from the corresponding dates in 2006. See Reply Declaration of Philip Gorman ¶ 4.

[8] Plaintiff objects to Adriano's declaration on the ground that his testimony is speculative on not based on his personal knowledge. See Pl.'s Objections to Declarations at 3. The Court disagrees. Federal Rule of Evidence 602 requires that a witness "has personal knowledge of the matter" in order to testify to it. Personal knowledge may include reasonable inferences so long as those inferences are "grounded in observation or other first-hand personal experience." Sjoblom v. Charter Commc'ns, LLC, 571 F. Supp. 2d 961, 968 (W.D. Wis. 2008). Here, Adriano has personal knowledge of his own work habits, and his statement that "to the best of [his] recollection" he did not enter the transaction records is a reasonable inference grounded in his first-hand personal experience. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

measurable off-the-clock work. See Gorman Decl., Tables 5 and 6. Although the Court is not permitted to adjudicate the merits of plaintiff's claims at the class certification stage, it must rigorously analyze whether there is a common method of proof given the nature of plaintiff's claims and defenses. See Smith v. T-Mobile USA, Inc., No. CV 05-5274 ABC (SSx), 2007 WL 2385131, at *7–8 (C.D. Cal. Aug. 15, 2007) (although court did not view defendants' declaration as disproving plaintiffs' allegations, it was evidence of the nature of defendants' individualized defenses). Even assuming Dr. Gorman's methodology is sound and can be extrapolated on a class-wide basis, one of the two examples he relies upon is contradicted by Adriano's uncontroverted testimony. Faced with this variance, the Court concludes that plaintiff has failed to meet his burden of demonstrating a classwide method of proof for his off-the-clock claim.

Plaintiff contends that defendants should be judicially estopped from arguing that Dr. Gorman's analysis did not reveal a sufficient number of off-the-clock violations by their failure to produce 28% of the Kronos timekeeping data until after Dr. Gorman had performed his initial analysis and after plaintiff had filed his renewed class certification motion. Reply at 5–9.

"The doctrine of judicial estoppel is an equitable doctrine a court may invoke to protect the integrity of the judicial process." United Nat'l Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 778 (9th Cir. 2009). The doctrine was developed to "preclude[] a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). A party is generally estopped to assert a certain position when: "1) the party's current position is 'clearly inconsistent' with its earlier position, 2) the party was successful in persuading a court to accept its earlier position, and 3) the party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Williams v. Boeing Co., 517 F.3d 1120, 1134 (9th Cir. 2008) (internal quotation marks omitted).

Plaintiff argues that in January 2011, defendants' counsel represented to plaintiff that defendants had produced the last of the data ordered by the Court. Reply at 7 (citing Cagney Decl. ¶¶ 4–14). This representation proved to be false, and plaintiff claims that he suffered prejudice by expending significant sums for his expert to perform extensive work using an incomplete data set. Id. at 7–8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

The Court finds that plaintiff has failed to demonstrate that judicial estoppel applies. First, the Ninth Circuit has "restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position." Hamilton, 270 F.3d at 782–83. Here, the Court never "accepted" defendants' counsel's representation that all of the required data had been provided. Perhaps more importantly, to the extent plaintiff was misled by defendants' counsel's statement regarding discovery, "judicial estoppel is the wrong tool for the job." Larin Corp v. Mueller, 364 Fed Appx. 380, 382 (9th Cir. 2010) (plaintiff not judicially estopped where his counsel "attempted to mislead [defendant's] counsel during discovery"). If plaintiff was concerned that his expert's report required revision in light of the additional data produced by defendants, plaintiff should have informed the Court and sought a continuance.[9]

Because plaintiff has failed to establish a classwide method of proof, the Court DENIES plaintiff's renewed motion for class certification of his off-the-clock claim.

## III. MOTION TO STRIKE THE TESTIMONY AND OPINIONS OF DR. PHILIP GORMAN UNDER FEDERAL RULE OF EVIDENCE 702

In conjunction with their opposition to plaintiff's renewed motion for class certification, defendants move to strike the testimony and opinions of Dr. Gorman. Defendants argue that: (1) Dr. Gorman's testimony is not the proper subject matter of expert testimony; (2) his testimony is based on unreliable data; (3) he did not apply reliable principles or methods to confirm whether instances of potential off-the-clock or meal period violations evidenced actual violations; and (4) he offered no opinion regarding whether or how the principles or methods he used to compare timekeeping records to business transaction records could be used to determine damages in this case. Mot. at 1–2.

---

[9] It bears mention that after defendants produced the additional data, the Court continued the hearing on plaintiff's motion for two weeks, see Dkt. 52, and granted plaintiff leave to file a supplemental expert declaration, see Dkt. 55. In his supplemental declaration, however, Dr. Gorman does not provide any additional analysis relevant to the off-the-clock claim. See generally Gorman Supp. Decl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

### A.   Legal Standard

The appropriate scope of the Court's inquiry into an expert's testimony at the class certification stage is murky. The Ninth Circuit has not determined whether a full analysis under Rule 702 of the Federal Rules of Evidence and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993) is required at the class certification stage. See Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 603 n.22 (9th Cir. 2010) ("We are not convinced by the dissent's argument that Daubert has exactly the same application at the class certification stage as it does to expert testimony relevant at trial. However, even assuming it did, the district court here was not in error. Thus we need not resolve this issue here.") (citation omitted), rev'd on other grounds, 564 U.S. ----, 131 S.Ct. 2541, 2011 WL 2437013 (Jun. 20, 2011).

The Supreme Court, however, recently suggested that a full Daubert analysis may be required. See Wal-Mart Stores, Inc. v. Dukes, 564 U.S. ----, ----, 131 S.Ct. 2541, 2554, 2011 WL 2437013, at *8 (Jun. 20, 2011). In Wal-Mart, the Supreme Court stated in dictum that it "doubt[ed]" that Daubert did not apply to expert testimony at the class certification stage. Id. ("The District Court concluded that Daubert did not apply to expert testimony at the certification stage of class-action proceedings. We doubt that is so, but even if properly considered, Bielby's testimony does nothing to advance respondents' case.") (citation omitted). Although the Ninth Circuit has recognized that "Supreme Court dicta have a weight that is greater than ordinary judicial dicta as prophecy of what that Court might hold," dicta from the Supreme Court are still not binding on lower courts. United States v. Montero-Camargo, 208 F.3d 1122, 1132 n.17 (9th Cir. 2000). See also Newdow v. Rio Linda Union Sch. Dist., 597 F.3d 1007, 1106 (9th Cir. 2010) (Reinhardt, J., dissenting) ("As all courts and judges have recognized, Supreme Court dicta, like all others, are not binding. . . ."). In fact, after the Supreme Court's decision in Wal-Mart, the Eighth Circuit rejected the notion that a trial court is required to conduct "an exhaustive and conclusive Daubert inquiry" at the class certification stage. In re Zurn Pex Plumbing Prods. Liability Litig., --- F.3d ----, ----, 2011 WL 2623342, at *5 (8th Cir. Jul. 6, 2011). There, the court endorsed what it described as a "focused Daubert analysis which scrutinized the reliability of the expert testimony in light of the criteria for class certification and the current state of the evidence." Id. at *6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

The Court need not decide whether <u>Daubert</u> or some lower standard applies at the class certification stage because, as discussed below, the Court concludes that the bulk of Dr. Gorman's opinions satisfy the <u>Daubert</u> standard. The Court does not assess those opinions offered by Dr. Gorman relating to his analysis of the off-the-clock claim because, as discussed in Section II.B *supra*, even if properly considered, they do not support class certification.

**B. DISCUSSION**

Under Rule 702 of the Federal Rules of Evidence,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

While the court has broad discretion in deciding whether this standard has been met, the court cannot shirk its gatekeeper duties. <u>See</u> <u>General Elec. Co. v. Joiner</u>, 522 U.S. 136, 142, 146 (1997); <u>DSU Medical Corp. v. JMS Co., Ltd.</u>, 296 F. Supp. 2d 1140, 1146-48 (N.D. Cal. 2003). The determination of whether expert testimony is admissible "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 592-93 (1993). The trial court's gatekeeping role under Rule 702 applies "not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized knowledge.'" <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 149 (1999).

Defendants primarily argue that Dr. Gorman's testimony will not assist the trier of fact because his testimony "is based on simple arithmetic." Mot. at 4. Defendants contend that Dr. Gorman's analysis merely compares employee time records with time-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

stamped transaction records, which requires no "scientific, technical or other specialized knowledge." Id. (quoting Fed. R. Evid. 702). The Court disagrees. Given the significant amount of data produced by defendants, Dr. Gorman's analysis is helpful in order to demonstrate how the data may be used to establish a class-wide method of proof.

Defendants next assert that Dr. Gorman's analysis is unhelpful because he "does not purport to actually identify any meal period violations," and he "did not reach any conclusions as to whether violations of law may have occurred." Mot. at 4–5, 12–13; Reply at 9 (citing Gorman Depo. at 25:19–30:18, 75:6–20, 105:3–8). However, the utility of Dr. Gorman's expert testimony is in identifying a common method of proof; not in opining as to the legal obligations of California employers and identifying violations of the California Labor Code.

Furthermore, the Court disagrees with defendants' argument that Dr. Gorman's testimony should be excluded because his analysis does not account for why an employee may have missed a meal break. See Mot. at 10–11. Under Daubert, a trial court's focus is generally "limited to considering the methodologies relied upon by the expert," and the court should not "transform a Daubert hearing into a trial on the merits." DSU Med. Corp., 296 F. Supp. 2d at 1147. Given the legal uncertainty regarding an employer's obligation to provide employees with meal breaks, the Court finds that Dr. Gorman's methodology is reliable.

Finally, defendants challenge Dr. Gorman's findings in Table 1 of his original declaration as being "admittedly inaccurate." Mot. at 16. Plaintiff argues that any error in Table 1 is due to an "obscure sort of rounding error that occurs in Microsoft Excel," and he attaches a revised Table 1 to his surreply. Surreply at 3 n.3 (quoting Gorman Depo. at 12:13–22). See also Surreply Declaration of Lawrence R. Cagney, Exh. 2 (Revised Table 1). In light of the submission of the revised table, and Dr.Gorman's supplemental declaration which provides a more complete analysis of the Kronos time records, defendants' argument appears to be moot.

The remainder of defendants' criticisms relate to Dr. Gorman's analysis of the off-the-clock claim. The Court does not reach these arguments because, even if properly considered, Dr. Gorman's opinions do not support class certification of plaintiff's off-the-clock claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS in part and DENIES in part plaintiff's renewed motion for class certification. Specifically, the Court GRANTS plaintiff's renewed motion for class certification with respect to his meal break claim. The Court excludes from the meal break class any employee who clocked out for a meal period, but claims to have performed work during the meal period. The Court DENIES plaintiff's renewed motion for class certification of his off-the-clock claim. The Court DENIES defendants' motion to strike the testimony and opinions of Dr. Philip Gorman under Federal Rule of Evidence 702.

At oral argument, plaintiff's counsel inquired as to whether denial of class certification of the off-the-clock claim was without prejudice. The Court indicated that because an order granting or denying class certification may be altered or amended before final judgment, the denial was without prejudice. See Fed. R. Civ. P. 23(c)(1)(C). Nonetheless, the Court, in an effort to "determine the course of proceedings," "prescribe measures to prevent undue repetition or complication in presenting . . . argument," and "deal with similar procedural matters," will require plaintiff to demonstrate an extraordinary showing of good cause before it grants plaintiff leave to file a third motion for class certification. See Fed. R. Civ. P. 23(d)(1)(A) & (E).

IT IS SO ORDERED.

| | 00 | : | 15 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |