R. Duane Westrup (State Bar No. 58610)
Lawrence R. Cagney (State Bar No. 141845)
lcagney@wkalaw.com
WESTRUP KLICK, LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, California 90802
Telephone:  (562) 432-2551
Facsimile:  (562) 435-4856

Linda Guthmann Krieger (State Bar No. 148728)
Terrence B. Krieger (State Bar No. Bar No. 203818)
KRIEGER & KRIEGER
A Law Corporation
249 E. Ocean Boulevard, Suite 750
Long Beach, California 90802
Telephone: (562) 901-2500
Facsimile: (562) 901-2522

Attorneys for Plaintiff LONNIE R. SMITH
 And Similarly Situated Persons

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LONNIE R. SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CEVA LOGISTICS U.S., INC.; a Delaware corporation; CEVA FREIGHT MANAGEMENT INTER-NATIONAL GROUP, INC, a Delaware corporation; CEVA FREIGHT, LLC, a Delaware limited liability company; EGL EAGLE GLOBAL LOGISTICS, LP, a Delaware limited partnership; and DOES 1 through 200, inclusive,<br><br>Defendants. | Case No.  CV 09-4957 CAS (RCx)<br><br><u>ASSIGNED FOR ALL PURPOSES TO THE HONORABLE CHRISTINA A. SNYDER</u><br><br>PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING THE RESOLUTION OF CEVA'S RULE 23(F) PETITION TO THE NINTH CIRCUIT COURT OF APPEALS<br><br><u>Hearing</u><br>Date:  September 26, 2011<br>Time:  10:00 a.m.<br>Courtroom:  5 |

## I.      INTRODUCTION

This certified class action seeks to recover wages owed to hundreds of California workers.  In some instances, these wages have remained unpaid for over six years.  This action has been pending for over two years.  Against this background, Ceva asserts that it will suffer inequity and hardship as a result of defending this action while its petition for leave to appeal is pending in the Ninth Circuit Court of Appeals, and that such harm outweighs the "minimal prejudice" that Plaintiff, and the class he represents, will suffer if the resolution of their claims is delayed still further.  Ceva's motion should be denied because Ceva has ignored essential aspects of its burden and has not supported its motion with competent evidence.  Instead, it has submitted the functional equivalent of a motion for reconsideration.  Additionally, California's strong public policy in favor of prompt and full payment of wages outweighs the inconvenience posed to Ceva by responding to discovery.  That policy would be ill-served by delaying the resolution of Plaintiff's claims.

## II.     CEVA'S MOTION IMPROPERLY SEEKS RECONSIDERATION OF THE COURT'S PRIOR CLASS CERTIFICATION ORDERS

At Section III(B) of its motion, Ceva cites "several important legal issues arising from the Court's certification Orders" that "require immediate  resolution." Specifically, Ceva identifies the recent decision of *Wal -Mart Stores v. Dukes* 564 U.S. ___, 131 S. Ct. 2541 (2011) ("*Dukes*") and the "forthcoming" decision of *Brinker v. Superior Court (Hohnbaum)* ("*Brinker*")*,* 165 Cal. App. 4th 25 (2008).[1]  In so doing, Ceva takes undue liberties with the record by persisting in its criticism of

---

[1] Ceva's characterization of the California Supreme Court's decision of *Brinker* as "forthcoming" suggests a degree of certainty that is not supported by the procedural posture of that case.  Reference to the California Supreme Court's docket reveals that the case is not set for oral argument.  *See,* http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist =0&doc_id=1898028&doc_no=S166350&search=party&start=1&query_partyLastNameOrOrg=hohnbaum

the use of statistical *sampling* despite Dr. Gorman's supplemental declaration (ECF Doc. No. 56) which describes Dr. Gorman's analysis of the *entire* Kronos database which Ceva belatedly produced.

But these are not issues that "arise from the Court's certification Orders" as Ceva asserts.  Rather, they have been fully briefed, argued and adjudicated.  By way of example, Ceva devoted an entire supplemental brief to its conception of *Dukes*' application to this case  ("Deft.'s Ntc. Of New Case Authority," ECF Doc. No. 49) in advance of the hearing on Plaintiff's renewed motion for class certification. Additionally, the Court addressed *Dukes* in its July 25, 2011 Order.  (ECF Doc. No. 58, p. 11)  The parties' briefing and arguments addressed the *Brinker* case also.  The Court acknowledged the pendency of *Brinker* in its September 27, 2010 Order (ECF Doc. No. 31, p. 19) and expressly determined that it need not adjudicate Plaintiff's factual and legal claims at the certification stage.  *Id*.  In short, Ceva presents no new issues.

In asking this Court to find that "several important legal issues arising from the Court's certification Orders" that "require immediate resolution," Ceva presents the functional equivalent of a motion for reconsideration of the Court's two Certification Orders.  Local Rule 7-18 sets forth the bases upon which the Court may reconsider a previous order. Rule 7-18 provides as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise or reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Ceva sets forth no new law or facts and essentially repeats the arguments that it made in its opposition to Plaintiff's motions for class certification. The Court should deny Ceva's motion on that ground alone.

**III.   CEVA HAS NOT MET ITS BURDEN OF ESTABLISHING THAT A STAY IS WARRANTED**

In citing to *Lockyer v. Mirant Corp.,* 398 F. 3rd 1098 (9th Cir.1962), Ceva misstates the factors to be considered in ruling a motion for a stay pending a Rule 23(f) petition to the Court of Appeals. *Lockyer* did not involve such a request. *In re Lorazepam & Clorazepate Antitrust Litigation* 208 F.R.D. 1 (D.D.C.,2002) considered this issue, and set out the applicable criteria as follows:

> (1) whether there is a substantial likelihood that the movant will succeed on the merits of the claims/appeal; (2) whether the movant will suffer irreparable injury if an injunction/stay does not issue; (3) whether others will suffer harm if an injunction/stay is granted; and (4) whether the public interest will be furthered by an injunction/stay.

*Id.* at 208 F.R.D. 3.  Ceva has not carried its burden of proving that any of these factors, as applied here, warrant further delay of the proceedings in this Court.

   *A.   Ceva Fails To Demonstrate a "Substantial Likelihood" That It Will Succeed On The Merits Of Its Appeal.*

Ceva fails to present any arguments, or supporting evidence to demonstrate a substantial likelihood that the Ninth Circuit will grant its Rule 23(f) petition for leave to appeal, or that Ceva will prevail on the merits of such an appeal if leave is granted. Its motion is unaccountably silent on these issues.  Under *In re Lorazepam & Clorazepate Antitrust Litigation, supra*, Ceva has thus ignored an essential factor in weighing the propriety of the stay it requests.  For that reason, the Court should deny Ceva's motion.

   *B.   Ceva Proffers No Competent Evidence That It Will Suffer Irreparable Injury Absent A Stay.*

Ceva relies on the declaration of its counsel to establish that it will suffer undue prejudice unless proceedings are stayed.  Mr. Messiha correctly states that

1   Plaintiff has recently served discovery seeking additional information regarding the

2   members of the certified class and the identity of witnesses with percipient

3   knowledge of Ceva's timekeeping records.   There is nothing unusual, or onerous

4   about these requests.   By way of example, Plaintiff seeks the names and contact

5   information, rates of pay, updated timekeeping information and timekeepers'

6   computerized comments for each member of the class.  Ceva is statutorily obligated

7   to maintain detailed information regarding its California employees, their work and

8   their compensation.[2]   As this Court has seen, Ceva uses a sophisticated computer

9   program named "Kronos" to manage this data.[3]

10       In view of the strict recordkeeping requirements applicable to all California

11   employers, and the computerized nature of Ceva's records, Mr. Messiha's  general

12   and conclusory statement  that Plaintiffs' requests are "broad in scope and will

13   require considerable effort and expense to gather" is, in addition to lacking

14   foundation, insufficient to overcome a compelling inference that the records Plaintiff

15   seeks are reasonably available for Ceva to gather and provide to Plaintiff.  While it

16   may be reasonably expected that Ceva will be required to craft queries filtering

17   information related only to class members versus non-class members (*e.g.* out-of-

18   state or exempt employees), there is no evidence before this Court that such an

19   undertaking will be unduly expensive or burdensome.

---

[2] Employers must keep records of the names and addresses of all employees, the ages of any minors working, and daily hours worked and wages paid to all employees. Cal. Labor Code § 226, 1174, 1175. They must keep such records for a minimum of two years, and a year longer for wage deductions. The employer must allow inspection by the employee (and the California DLSE, too). Labor Code §§ 226(a), 1174(d). Furthermore, the employer must provide an employee or former employee copies of his or her payroll records within 21 days after a request, or permit the employee to inspect those records. Failure to comply results in a $750 fine, and the employee may sue to obtain the information and recover costs and fees. Cal. Labor Code § 226(c),(f), (g).

Federal law imposes similar obligations. Every employer subject to the FLSA must "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records" for specified periods of time. 29 USCA § 211(c)

[3] "The parties agree that CEVA maintained a sophisticated electronic timekeeping system, Kronos, by which its employees were to record their time worked."  Ceva's Opp. to Renewed Motion for Class Certification, 9:4-6 (ECF Doc. No. 44, p. 10 of 30).

5

PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING THE RESOLUTION OF CEVA'S RULE 23(F) PETITION
TO THE NINTH CIRCUIT COURT OF APPEALS

1       Ceva has not provided the Court with even rough estimates of the expense or

2  burden allegedly associated with gathering and providing the information Plaintiff

3  seeks.  Moreover, it does not even attempt to prove that it will suffer *irreparable*

4  harm absent a stay.  This vague showing is insufficient to justify stopping this case

5  dead in its tracks while witnesses' memories fade, evidence is at risk of loss, and

6  class members' wage claims languish.

7

8       *C.    A Stay Would Cause Serious Harm to The Certified Class.*

9       This case was filed over two years ago.  In the interim, Plaintiff has devoted

10 substantial resources in discovery, analysis and law and motion practice which has

11 resulted in the certification of a class of similarly situated California workers on

12 whose behalf Plaintiff seeks to recover wages which have remained unpaid, in some

13 instances, for over six years.  In the interim, the nation has experienced the worst

14 economic recession of a generation during which workers of modest means have

15 faced unprecedented financial challenges.  Against this background, Plaintiff seeks a

16 determination of his wage claims, and those of the certified class, against Ceva.

17      Court's have repeatedly recognized the urgency of such claims.  In *Smith v.*

18 *Superior Court* 39 Cal.4th 77, 82 (2006), for example, the court observed that:

19     It has long been recognized that wages are not ordinary debts, that they
       may be preferred over other claims, and that, because of the economic
20     position of the average worker and, in particular, his dependence on
       wages for the necessities of life for himself and his family, ***it is essential***
21     ***to the public welfare that he receive his pay when it is due.*** [Citations.]
       An employer who knows that wages are due, has ability to pay them,
22     and still refuses to pay them, acts against good morals and fair dealing,
       and necessarily intentionally does an act which prejudices the rights of
23     his employee."

24 Citing (*In re Trombley* 31 Cal.2d 801, 809–810 (1948) (emphasis added).  Viewed in

25 this context, there can be no question that a stay of indeterminate length, as Ceva

26 seeks here, threatens substantial harm to Plaintiff and the class.  This factor weighs

27 heavily against the issuance of a stay.

28

1           *D.     The Public Interest Would Not Be Served By A Stay.*

2         Plaintiff's claims asserted on behalf of hundreds of California workers are not

3 merely matters of a private dispute.   Rather they implicate fundamental ***public***

4 policies that affect society at large.  The California labor statutes on which Plaintiff's

5 claims are founded reflect a strong policy in favor of full payment of wages for all

6 hours worked.  *Armenta v. Osmose, Inc*. 135 Cal.App.4th 314, 324 (Cal.App. 2

7 Dist.,2005).       Prompt    payment of wages due    to    an    employee   is    also    a

8 fundamental public policy of  the  state  of  California.   *Gould  v.  Maryland  Sound*

9 *Industries, Inc*. 31 Cal.App.4th 1137, 37 Cal.Rptr.2d 718 (1995).  These obligations

10 are "***essential to the public welfare***."   *Smith v. Superior Court, supra.*

11         Under California Business & Professions section 17208, the statute of

12 limitations applicable to Plaintiff's claims asserted under the California Unfair

13 Competition Law ("UCL") is four years.  The class period for Plaintiff's claims

14 asserted under the California UCL thus reaches back four years from the June 3,

15 2009 filing date of Plaintiff's complaint.  Consequently, the class members seek to

16 recover wages for worked performed, in some instances, more than six years ago.

17 Thus, in addition to Ceva's deficient evidentiary showing, delaying the adjudication

18 of these claims to spare Ceva the inconvenience of responding to discovery would

19 ill-serve the fundamental policy favoring prompt and full payment of wages.

20      */ / / /*

21      */ / / /*

22      ***/ / / /***

**IV.   CONCLUSION**

By ignoring the essential factors relevant to its request for a stay, and by failing to support its motion with competent evidence of the purported hardship an inequity that it would suffer as a result of further proceedings in this court, Ceva has utterly failed to carry its burden.  Plaintiff therefore respectfully requests that the Court deny Ceva's request for a stay.


Dated:  September 6, 2011                    WESTRUP KLICK, LLP


                                            By:_/s/ Lawrence R. Cagney
                                               LAWRENCE R. CAGNEY
                                               Attorney for Plaintiffs
                                               LONNIE R. SMITH