UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | September 28, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   (In Chambers:) **DEFENDANTS' MOTION FOR STAY** (filed 08/29/11)

**I.   INTRODUCTION & BACKGROUND**

Plaintiff Lonnie R. Smith, on behalf of a class of "freight forwarders," filed the instant suit in Los Angeles County Superior Court against defendants Ceva Logistics U.S., Inc. ("Ceva Logistics"); Ceva Freight Management International Group, Inc. ("Ceva Freight Management"); Ceva Freight, LLC ("Ceva Freight"); EGL Eagle Global Logistics LP ("EGL"), and Does 1 through 200 (collectively, "defendants"), alleging claims for: (1) failure to pay overtime compensation in violation of California Labor Code § 1194(a); (2) failure to provide accurate itemized statements of wages in violation of California Labor Code § 226; (3) failure to provide meal and rest periods in violation of California Labor Code § 226.7; and (4) unlawful and unfair business practice in violation of Cal. Bus. & Prof. Code § 17200 ("UCL"). The gravamen of plaintiff's complaint is that defendants improperly denied him, and a putative class of "freight forwarders," pay for all of the hours they worked for defendants, including overtime compensation and wages for missed meal periods.

Plaintiff moved for certification of a class of current and former freight forwarder employees in May 2010. On September 27, 2010, the Court entered an order denying plaintiff's motion for class certification without prejudice. See Dkt. 31 ("Class Order"). In the Class Order, the Court concluded that the action met the prerequisites under Rule 23(a) of the Federal Rules of Civil Procedure. See Class Order at 7–17. Specifically, the Court found that: (a) the proposed class is ascertainable; (b) the proposed class is sufficiently numerous; (c) plaintiff identified common questions of fact and law; (d)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | September 28, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

plaintiff's claims are typical of the claims of the proposed class; and (e) plaintiff and his counsel will adequately represent the proposed class. In analyzing the Rule 23(b)(3) requirements, the Court found that, using defendants' records, policies, and representative testimony, plaintiff can attempt to prove that every potential class member was subjected to the same time-pressured work environment. Id. at 20. The Court was not convinced, however, that plaintiff established a plausible class-wide method of proving damages. Id. Accordingly, the Court denied plaintiff's motion for class certification without prejudice. Id. at 21.

On March 25, 2011, plaintiff filed a renewed motion for class certification. The Court found that plaintiff had carried his burden of demonstrating a viable class-wide method of proof for employees who did not clock out for meal periods, and granted plaintiff's renewed motion for class certification with respect to his meal break claim. See Dkt. 58. ("Renewed Class Order"), 4. The Court excluded from the meal break class any employee who clocked out for a meal period, but claims to have performed work during the meal period. Id. at 6. The Court denied plaintiff's renewed motion for class certification of his off-the-clock claim. Id. 9–10.

On August 29, 2011, defendants filed the instant motion to stay the proceedings in this Court pending the resolution of their Federal Rule of Civil Procedure 23(f) Petition to the Ninth Circuit Court of Appeals. Plaintiff opposed the motion on September 6, 2011. Defendants replied on September 12, 2011. After carefully considering the parties' arguments, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936); Leyva v. Certified Grocers of California, Ltd, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it . . ."). "The exertion of this power calls for the exercise of a sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). The court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay," which include

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | September 28, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Id.  The party requesting a stay has the burden of establishing its need.  Landis, 299 U.S. at 255.  Where "there is even a fair possibility that the stay . . . will work damage to someone else" the proponent for "a stay must make out a clear case of hardship or inequity in being required to go forward."  Id.; see e.g., Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit [if the stay is vacated], does not constitute a 'clear case of hardship or inequity' within the meaning of Landis.").

**III.  DISCUSSION**

Defendants argue that a stay of the proceedings in this Court pending a resolution of their Fed. Rule Civ. Proc. 23(f) Petition for Permission to Appeal the Court's class certification orders to the Ninth Circuit Court of Appeals will conserve judicial resources, avoid the potentially unnecessary expenditure of effort and expense in the interim, and will ensure that defendants are not unduly prejudiced by being required to defend the litigation prior to the Ninth Circuit's ruling on the Petition.  Mot. at 1.  Specifically, defendants contend that since the Court issued the Renewed Class Order, plaintiff has served multiple discovery requests that would require considerable time and expense for defendants to respond, and would be unnecessary if the Ninth Circuit modifies or denies class certification.  Id. at 1–2.  Defendants further argue that plaintiff's competing interest is merely to move the case forward toward a conclusion, which may be a reversal of the Renewed Certification Order.  Id. at 3.[1]  Finally, defendants contend that their Rule 23(f) Petition raises "serious questions with respect to several important legal issues arising

---

[1] At oral argument, defendants' counsel argued that Ellis v. Costco Wholesale Corp., --- F.3d ---, 2011 WL 4346668, (9th Cir. Sep. 16, 2011) indicates that the Ninth Circuit would likely reverse the Renewed Certification Order.  However, after reviewing the decision, the Court finds Ellis is inapposite because it raises commonality issues not present in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                                        O

| Case No. | CV 09-4957 CAS (RCx) | Date | September 28, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

from the Court's certification Orders": (1) whether statistical sampling can be used at trial to demonstrate classwide damages after Wal-Mart v. Dukes, 564 U.S. ----, 131 S.Ct. 2541, 2011 WL 2437013, (Jun. 20, 2011); (2) whether the heightened burden of proof set forth by Dukes was applied in evaluating

///
///

plaintiff's motion for class certification; and (3) whether it is necessary to determine applicable law prior to determining whether a claim is certifiable.[2]

     Plaintiff responds that defendants have failed to demonstrate a substantial likelihood that they will succeed on the merits of their appeal, that defendants have proffered no competent evidence that they will suffer irreparable injury absent a stay, that a stay would cause serious harm to the certified class, and that the public interest would not be served by a stay. Opp'n at 4–7. Plaintiff also asserts that the "serious questions" defendants raised do not "arise from the Court's Certification Orders," but rather have been fully briefed, argued and adjudicated. Id. at 3. For example, plaintiff notes that defendants "devoted an entire supplemental brief to its conception of Dukes' application to this case" and that the Court addressed Dukes in the Renewed Class Order. Id. at 3.

     The Court finds that a stay pending the outcome of defendants' Rule 23(f) Petition is inappropriate. In reaching this conclusion, the Court finds that the relative hardships weigh against the issuance of a stay. While defendants would be required to respond to plaintiff's discovery requests absent a stay, there is no evidence that these requests are unusual or particularly onerous. Moreover, pursuant to Cal. Labor Code § 226, defendants are statutorily obliged to maintain the information plaintiff seeks to discover, and although defendants will be required to filter information related class members versus non-class members, there is no indication that such an undertaking would be unduly expensive or burdensome.

---

    [2] Whether California law requires the determination of applicable law prior to the determination of whether a claim is certifiable is the subject of Brinker v. Superior Court, 165 Cal. App. 4th 25 (Cal. Ct. App. 2008), a case pending before the California Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4957 CAS (RCx) | Date | September 28, 2011 |
|---|---|---|---|
| Title | LONNIE R. SMITH, ETC. v. CEVA LOGISTICS U.S., INC.; ET AL. | | |

    By contrast, in the context of a wage claim, a stay of indeterminate length threatens substantial harm to the plaintiff and the class.  The California Supreme Court has recognized that "wages are not ordinary debts, . . . and that because of the economic position of the average worker . . . it is essential to the public welfare that he receive his pay when it is due."  Smith v. Superior Court, 39 Cal.4th 77, 82 (Cal. 2006).  This case was filed over two years ago, and plaintiff seeks to recover wages which he alleges have

////

remained unpaid for over six years.  Granting the stay would further delay the resolution plaintiff's claim.[3]

### IV.   CONCLUSION

    In accordance with the foregoing, the Court hereby DENIES defendants' motion to stay the proceedings in this Court pending the resolution of their Rule 23(f) Petition.

    IT IS SO ORDERED.

                                                             00 : 00

Initials of Preparer   RS

---

[3] Because the Court finds that the balance of hardships weighs against granting the stay, the Court declines to reach defendants' argument that their appeal raises questions serious enough to require litigation.