UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FILED CLERK U.S. DISTRICT COURT

**JAN 6 2012**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

LONNIE R. SMITH, individually, and
on behalf of others similarly situated,

Plaintiffs,

v.

CEVA LOGISTICS U.S., INC.; a
Delaware corporation; CEVA
FREIGHT MANAGEMENT
INTERNATIONAL GROUP, INC., a
Delaware corporation; CEVA
FREIGHT, LLC, a Delaware limited
liability company; EGL EAGLE
GLOBAL LOGISTICS, LP, a
Delaware limited partnership; and
DOES 1 through 200, inclusive,

Defendants.

Case No.  CV09-4957 CAS (SSx)

DISCOVERY DOCUMENT:
REFERRED TO MAGISTRATE JUDGE
SUZANNE H. SEGAL

NOTE CHANGES MADE BY THE COURT

ORDER GRANTING JOINT
STIPULATED PROTECTIVE ORDER
REGARDING PRODUCTION OF
CONFIDENTIAL INFORMATION

Judge:     Hon. Christina A. Snyder
Ctrm:      5

Complaint Filed:  June 3, 2009
Pre-trial Conf:   June 29, 2011
Trial Date:       July 3, 2012

Pursuant to the Joint Stipulation executed by the Parties on November 21, 2011,
and good cause being shown, the Parties Stipulation is granted as follows.

**IT IS HEREBY ORDERED THAT:**

1.     The Joint Stipulation and this Protective Order shall govern Confidential
Information as described in the Joint Stipulation, specifically, Defendant's discovery
responses regarding its employees' contact information, rates of pay, medical
information and personnel records.

## DESIGNATION AS CONFIDENTIAL

2.     Any document, any information produced on magnetic disks or other
computer-related media, and any portion of oral testimony produced or given in this
action that is asserted by any Party to contain or constitute CONFIDENTIAL
INFORMATION shall be so designated by such Party with the appropriate legend.
Each page of each document, and the front of each disk, that contains

1    CONFIDENTIAL INFORMATION shall be marked on its face with the legend
2    "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."   Transcript pages
3    containing or constituting CONFIDENTIAL INFORMATION shall be separately
4    bound by the court reporter and marked "CONFIDENTIAL" on each page.   If a
5    Receiving Party wishes to show non-CONFIDENTIAL portions of a document or
6    transcript containing CONFIDENTIAL INFORMATION to a person or party not
7    described below in Paragraph 3, it shall first redact all pages designated
8    CONFIDENTIAL.

9                       **AUTHORIZED USE AND DISCLOSURE**

10       3.       In the absence of written permission from Defendant or an order of the
11   Court, any CONFIDENTIAL INFORMATION produced or designated in accordance
12   with the provisions of Paragraph 2 above shall be used solely for purposes of the
13   prosecution and defense of the above-entitled litigation and shall not be disclosed to or
14   discussed with any person other than:  (a) the Plaintiff; (b) Counsel for the Plaintiff;
15   (c) employees of Plaintiff whose review of such information is required for the
16   conduct of the above-entitled litigation; (d) Professional Vendors and Independent
17   Experts who are engaged for the purpose of this action by the Party receiving the
18   information and their support personnel; (e) the individual who authored, prepared or
19   received the information; and (f) the Court, its personnel, and its certified reporters
20   taking testimony involving such CONFIDENTIAL INFORMATION.

21       4.       The extent and manner in which any CONFIDENTIAL INFORMATION
22   may be used at trial shall be decided by the Court at the final pretrial conference after
23   all parties have had an opportunity to be heard. Nothing herein shall be construed to
24   effect in any manner the admissibility as evidence of any information or document.

25       5.       All documents containing information designated "CONFIDENTIAL
26   INFORMATION" and notes or other records regarding that information shall be
27   maintained in the custody of Counsel for the Parties, and no partial or complete copies
28   thereof containing CONFIDENTIAL INFORMATION shall be retained by anyone

ORDER GRANTING JOINT STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF
CONFIDENTIAL INFORMATION

1   else, except that (i) Professional Vendors and Independent Experts may retain
2   documents containing CONFIDENTIAL INFORMATION on a temporary basis not
3   to exceed the length of time reasonably necessary for purposes of study, analysis, and
4   preparation of the case, and (ii) the Parties to the action may retain documents
5   containing CONFIDENTIAL INFORMATION on a temporary basis not to exceed the
6   length of time reasonably necessary for purposes of study, analysis, and preparation of
7   the case.   A person with custody of CONFIDENTIAL INFORMATION shall
8   maintain it in a manner that limits access to qualified persons.

9        6.     Independent Expert.   Subject to the provisions of this Order, all
10  CONFIDENTIAL INFORMATION may be disclosed to any Independent Expert who
11  has agreed in writing or on the record of a deposition to be bound by this Order.
12  Counsel need not identify the prospective expert to the other parties, except as ordered
13  by the Court or as required by the Federal Rules of Civil Procedure.

14       7.     Professional Vendors.   Subject to the provisions of this Order, all
15  CONFIDENTIAL INFORMATION may be disclosed to Professional Vendors who
16  have agreed in writing to be bound by this Order.   Counsel need not identify the
17  prospective Professional Vendor to the other parties.

18       8.     Acknowledgement of Protective Order.   Before obtaining access to any
19  CONFIDENTIAL INFORMATION covered by this Protective Order, any qualified
20  person who is permitted to have access to CONFIDENTIAL INFORMATION under
21  this Protective Order must signify assent to the terms of this Protective Order by
22  executing the Acknowledgement Form attached as Appendix A of the Joint
23  Stipulation, indicating that they have read and understood this Protective Order and
24  agree to be bound by its terms.

25       9.     Disclosure Pursuant to Consent.   CONFIDENTIAL INFORMATION
26  also may be disclosed to anyone so authorized by prior written consent of the
27  Defendant.

28       10.    Conduct of Deposition.   Where testimony at a deposition involves

ORDER GRANTING JOINT STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF
CONFIDENTIAL INFORMATION

1   disclosure of CONFIDENTIAL INFORMATION, such deposition, or portion thereof,

2   shall be taken only in the presence of persons who are permitted access to such

3   information under this Protective Order.

4         11.   Disclosure of Confidential Transcripts to the Deponent.  Deposition

5   transcripts containing CONFIDENTIAL INFORMATION may be shown to the

6   deponent for the purpose of correction, but the deponent may not retain a copy of the

7   transcript unless (s)he agrees to be bound by this Protective Order by signing a copy

8   of the Acknowledgement Form.

9         12.   The limitation on disclosure contained in this Protective Order shall not

10  apply to documents or information that (i) were already in the possession of the

11  Plaintiff; or (ii) are or become published or available in a lawful manner that is not in

12  violation of this Protective Order.  Nothing in this Stipulated Protective Order shall be

13  deemed to restrict in any way any Party's own documents or information, or his or its

14  attorneys with respect to that Party's own documents or information.

15                      **COURT PROCEDURES**

16        13.   Except when the filing under seal is otherwise authorized by statute or

17  federal rule, the Parties shall seek the Court's prior approval for the filing under seal

18  of pleadings and other documents containing CONFIDENTIAL INFORMATION in

19  accordance with the procedures set forth in C.D. Local Rule 79-5.1, as such Rule may

20  be amended from time to time.  Prior to the time that Plaintiff receives the

21  CONFIDENTIAL INFORMATION from Defendant and files with the Court an

22  application and the other materials required by Local Rule 79-5.1, as such Rule may

23  be amended from time to time, to seal the Defendant's CONFIDENTIAL

24  INFORMATION, the Plaintiff shall consult with the Defendant's attorney to

25  determine whether the Defendant will re-designate the previously designated

26  CONFIDENTIAL INFORMATION so as to avoid the need for the request to file such

27  information under seal.  Upon the default of either Plaintiff or Defendant to seek the

28  Court's approval to file under seal, a document containing CONFIDENTIAL

1    INFORMATION, either Plaintiff or Defendant may subsequently seek the approval of
2    the Court to file that document under seal, in accordance with the procedures set forth
3    in Local Rule 79-5.1, as such Rule may be amended from time to time.

4                          **MISCELLANEOUS PROVISIONS**

5          14.    Before a court reporter receives any CONFIDENTIAL INFORMATION,
6    he or she first shall have read this Order and agreed in writing or on the record to be
7    bound by the terms thereof.

8          15.    Nothing herein shall restrict a qualified recipient from making working
9    copies, abstracts, digests and analysis of CONFIDENTIAL INFORMATION for use
10   in connection with the above-entitled litigation and such working copies, abstracts,
11   digests and analysis shall be deemed to have the same level of protection under the
12   terms of this Order.  Further, nothing herein shall restrict a qualified recipient from
13   converting or translating such information into machine-readable form for
14   incorporation in a data retrieval system used in connection with this action, provided
15   that access to such information, in whatever form stored or reproduced, shall be
16   limited to qualified recipients.

17         16.    If Defendant through inadvertence produces any CONFIDENTIAL
18   INFORMATION without labeling or marking or otherwise designating it as such in
19   accordance with the provisions of this Protective Order, the Defendant may give
20   written notice to the Plaintiff that the document or thing produced is deemed
21   CONFIDENTIAL INFORMATION, and should be treated as such in accordance with
22   the provisions of this Protective Order.  The Plaintiff must treat such documents and
23   things with the noticed level of protection from the date such notice is received.
24   Promptly upon providing such notice to the Plaintiff, the Defendant which has
25   provided notice as set forth herein shall provide the Plaintiff with another copy of the
26   documents or things that bear the new designation under this Order, at which time the
27   Plaintiff shall return the originally-produced documents and things.  The Plaintiff's
28   disclosure, prior to the receipt of notice of a new designation, to persons not

1    authorized to receive such information shall not be deemed a violation of this
2    Protective Order. However, the Plaintiff shall make a good faith effort to immediately
3    retrieve such information from such persons not authorized to receive such
4    information and to obtain agreement from the person to whom the disclosure was
5    made to be bound by this Protective Order. If such efforts are unsuccessful, the
6    Plaintiff shall notify the Defendant that has provided notice as set forth herein of the
7    disclosure and the identity of the person or entity to whom the disclosure was made.

8        17.    A Party or present employee of a Party may be shown at the time he or
9    she is testifying under oath, may be examined and may testify concerning all
10   CONFIDENTIAL INFORMATION produced by that Party.

11       18.    A former employee of a Party may be shown at the time he or she is
12   testifying under oath, may be examined and may testify concerning all
13   CONFIDENTIAL INFORMATION by the that Party which pertains to the period or
14   periods of his or her employment.

15       19.    Non-parties may be shown, may be examined and may testify concerning
16   any document containing CONFIDENTIAL INFORMATION of a Defendant which
17   clearly appears on its face or from other documents or testimony to have been
18   prepared by, received by, known by or communicated to the non-party (other than
19   through inadvertent disclosure).

20       20.    If such designation is not made at the time of the deposition, any
21   transcript containing CONFIDENTIAL INFORMATION shall be designated as
22   containing such information by no later than fourteen (14) days after the date of the
23   Defendant's Counsel's receipt of the deposition transcript, which designation shall be
24   in writing served on all Parties.

25       21.    Designation not determinative of status. Plaintiff shall not be obligated to
26   challenge the propriety of a confidentiality designation at the time made, and a failure
27   to do so shall not preclude a subsequent challenge thereto. All challenges to the
28   propriety of a confidentiality designation shall first be made in writing by letter or

1   other document identifying the specific material challenged.  Within fourteen (14)
2   days of such a challenge, the Defendant shall substantiate the basis for such
3   designation in writing to the Plaintiff, or forever waive the protections of this Order
4   with respect to the challenged information.  The Parties shall first attempt to resolve
5   such challenges in good faith on an informal basis.  If the dispute cannot be resolved,
6   the Parties shall strictly comply with the requirements of C.D. Cal. R. 37 before
7   seeking relief from the Court.  If that process fails to yield a resolution of the dispute,
8   the Party seeking to maintain the designation may seek appropriate relief from the
9   Court in strict compliance with the procedures set forth in C.D. Cal. R. 37-2, 37-2.1.
10  If such relief is not sought within thirty (30) days after the letter substantiating the
11  designations were sent to the Plaintiff, the PROTECTED MATERIAL shall be re-
12  designated in accordance with the Plaintiff's proposed designation as set forth in the
13  letter referenced herein by the Plaintiff.  Any document designated CONFIDENTIAL
14  INFORMATION shall enjoy the protection of such designation until the issue relating
15  to the propriety of the designation has been resolved.

16      22.   Right to further relief. Nothing in this Protective Order shall abridge the
17  right of any person to seek judicial modification or amendment of this Order, provided
18  that the person seeking such relief complies with C.D. Cal. R. 37.

19      23.   Right to assert other objections. This Protective Order shall not be
20  construed as waiving any right to assert a claim of privilege, relevance, or other
21  grounds for not producing Discovery Material.

22      24.   Final disposition. Within sixty (60) days after final termination of this
23  action, each Party shall assemble all documents and things furnished and designated
24  by any other Party or non-party as containing CONFIDENTIAL INFORMATION and
25  all copies, summaries and abstracts thereof, and shall return such documents and
26  things to the Producing Party; provided, however, that the attorneys of record for each
27  Party shall be entitled to retain all pleadings, motion papers, hearing and deposition
28  transcripts, legal memoranda, correspondence, work product and attorney-client

1  communications that include or are derived from CONFIDENTIAL INFORMATION,
2  except that counsel for Plaintiff may not retain any documents or other media
3  reflecting the contact information for Defendants' current and former employees other
4  than those whom voluntarily have entered into an attorney-client relationship with
5  Plaintiff's counsel.

6      25.    Amendment. The provisions of this Protective Order may be modified at
7  any time by stipulation of the Parties as approved by Order of the Court.  In addition,
8  a Party may, at any time, apply to the Court for modification of this Stipulation and
9  Protective Order pursuant to a motion brought in accordance with the rules of the
10  Court including, without limitation, C.D. Cal. R. 37.

11      26.    Survival of obligations. The obligations created by this Protective Order
12  shall survive the termination of this lawsuit unless otherwise modified by the Court.
13  The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce
14  this Protective Order and to make such amendments and modifications to this Order as
15  may be appropriate.

16  **GOOD CAUSE**

17      This case is a wage and hour class action. While the Parties, and each of them,
18  reserve the right to object to and/or challenge whether certain information is of a
19  private or personal nature and that, if disclosed in this Action without restriction on its
20  use or further disclosure, may impair the privacy interests of the employees to whom
21  the private information relates.  Such information includes contact information of
22  individual, their compensation information, and certain details of their employment by
23  Defendants and other similar information. ⟨SKS⟩

24      THEREFORE, believing that good cause exists, the Parties hereby stipulate
25  that, subject to the Court's approval, the following procedures shall be followed in this
26  Action to facilitate the orderly and efficient discovery of relevant information while
27      / / / /
28      / / / /

ORDER GRANTING JOINT STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF
CONFIDENTIAL INFORMATION

1  minimizing the potential for unauthorized disclosure or use of Defendant's

2  employees' contact information, rates of pay, medical information and personnel

3  records.

4

5  **IT IS SO ORDERED.**

6

7  Dated: JAN 6        , 2011

8                                         Honorable Suzanne H. Segal

9                                         United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING JOINT STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF
CONFIDENTIAL INFORMATION